The authority of a majority of the tax-payers of a town, to mortgage the whole property of its citizens, against the will of the minority, for the purpose of investment in a railroad or other corporation, is derived solely from legislative enactment, and has no countenance in the principles of the common-law, which protects every owner of property in the absolute and unqualified control of it, subject only to the right of the government, to take it by right of eminent domain for public use, or to tax it for governmental purposes.
Whether it is competent for the legislature, thus to interfere with the rights of property of the citizen, has been the subject of serious controversy in the legislature and in the courts, but which it is unnecessary to consider in this case. It is well settled upon elementary principles and by repeated adjudications, that when private property is sought to be taken or affected under statutory proceedings, every step required to confer the power, must be shown to have been taken in strict conformity to the statute. (4 Hill, 76; 2 Wend., 323; 10 N.Y., 330.) And this court has held, that this principle was applicable in this class of cases. (People v. Smith, 45 N.Y., 772.)
It was incumbent upon the petitioners, to prove by legal evidence before the county judge, that a majority of the tax-payers of the town, owning or representing a majority of the taxable property of the town appearing upon the last assessment roll, signed the petition for "bonding the town," as a condition precedent, to the exercise of the authority of the county judge, to appoint commissioners for that purpose.
We think the petitioners failed to establish this fact, for *Page 114 
the reasons set forth in the dissenting opinion of POTTER, J., in the Supreme Court.
With every advantage of personal solicitation, representation and influence, if a clear and undoubted majority of those entitled and qualified to act is not obtained, the extraordinary power of encumbering the whole property of the town ought not to be exercised. In addition to the reasons assigned by Judge POTTER, an examination of the papers shows, that more than $20,000 of property was included in the majority, owned by persons whose names were signed to the petition by other persons, and the only authority was by parol, proven by such persons.
This does not include the amount, in the cases where the owners were present and made their mark. The power or duty conferred upon the tax-payer is one of great importance. It affects not only his own property, but the property of others. It should be exercised by himself, and sound policy and legal analogy require, that he should either be present when his name is affirmed, or the authority should be in writing. (See opinion of ALLEN, J., inPeople v. Smith, supra.) If this sum should be deducted, the amount would be considerable less than the sum required to constitute a majority.
It is true no objection appears to have been taken at the hearing on this ground, but it was necessary to establish all the facts requisite, to confer upon the county judge power to appoint commissioners, and there was no waiver on the part of those who did not sign the petition and did not attend the hearing. The whole proceedings are before us, and we can review any error of law or fact committed by the inferior tribunal. (39 N.Y., 506.)
It is urged by the counsel for the respondent, that the case should be sent back to the county judge for correction under the act of 1871. That act leaves it discretionary whether the case should be remanded or not. We think the proceedings should be reversed and not remanded. If there were no other reasons, it is sufficient that two years have elapsed since the assessment roll, which is made the basis of this proceeding, *Page 115 
was made. There may have been great changes in the ownership of property during that period, and in the prospects of the projected railway for which the bonds were to be issued. It would be unjust to present owners, to allow former owners to encumber their property in this manner. The present tax-payers should decide the question, and have an opportunity for that purpose; and this can only be done by reversing the proceedings.
All concur. Judgment for reversal of order of county judge. *Page 116 
[EDITORS' NOTE: THIS PAGE CONATINED A PUBLISHER NOTE.] *Page 117 
[EDITORS' NOTE: THIS PAGE CONATINED A PUBLISHER NOTE.] *Page 118 
[EDITORS' NOTE: THIS PAGE CONATINED A PUBLISHER NOTE.] *Page 119