JOSEPH BATTELL, Appellant, *v.* ORRIN E. TORREY et al.,. Respondents.

The provision of the statute relating to the sale, leasing or other disposition of the real estate of infants (2 R. S., 195, § 177) which provides, that upon an agreement being made for a sale, etc., in pursuance of the order of the court and the same reported to the court, if it be confirmed, a conveyance may be executed under the direction of the court, applies to an agreement for a mortgage as well as to one for an absolute sale; and a mortgage executed without a compliance with such provision, is void.

The rule applies, in such case, that where proceedings are authorized by statute in derogation of the common law, by which the title of one is to be divested and transferred to another, every requisite of the statute having the semblance of benefit to the former must be strictly complied with or the title will not pass.

(Argued January 11, 1875; decided May term, 1875.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court at Special Term and granting a new trial.

This action was brought for the foreclosure of a mortgage executed by Abram M. Black, as special guardian of the defendant Torrey, to the plaintiff, for $1,400.

The issue in the case was, whether the requirements of the statute " authorizing proceedings in relation to the conveyance of lands by infants, and the sale and disposition of their estates," had been so far complied with as to authorize the execution of the mortgage sought to be foreclosed. The proceedings were as follows : A petition addressed to the County Court of the county of Onondaga by Abram M. Black, dated January 22, 1858, the grandfather, and next friend of the infant Torrey, whom he described as being then eight years and six months of age, and represented that himself and the infant resided in Dewitt, Onondaga county; that the father of such infant was dead ; that such infant had no personal.estate, and that he was the owner of certain lands situate in that county, describing them, of the value of $5,850, the

net annual rent or income of which was about $150; that the father of the infant died in 1851; that the infant's estate had been in litigation, and that his share of the expense of defending the title to his property was about $1,250, which had been met by the petitioner, partly by advances made by him, and partly by liabilities incurred by him, which the infant had no means of paying, except by a sale of his real estate; and regarding it desirable for his benefit that a sale or mortgage should be authorized for the purpose of discharging such liabilities, prayed to be appointed special guardian for such infant for the purpose of selling or mortgaging the real estate of the infant, or some part thereof, to realize a sum sufficient to pay off and discharge such liabilities.

This petition was duly verified by the petitioner on the day of the date of the petition, and on the same day presented to the court to which it was addressed, and thereupon the court appointed him special guardian in relation to the proceedings on such application. He executed a bond to the infant as required by the statute. The court referred it to a referee to ascertain the truth of the facts stated in the petition, and whether a sale or mortgage of the infant's real estate, or any or what part of it would be beneficial to the interests of the infant, and the particular reasons upon which his opinion is founded, and, among other things, the terms and conditions upon which it should be sold or mortgaged. The referee reported that the liabilities of the infant were from $1,200 to $1,500, part of which had been paid by the petitioner, and for a part the petitioner had given his notes, and a part remained unpaid; and that, in his opinion, it would be for the present interest of the infant that his real estate should be mortgaged, and assigned his reasons therefor, suggesting that a mortgage might be continued until the infant arrives at maturity, unless sooner paid, or until the further order of the court. On filing this report, the court, by its order, authorized Black, the special guardian, to enter into, execute, acknowledge and deliver a mortgage upon the infant's lands for a sum not exceeding $1,500, and thereupon, without any report of the

guardian of an agreement with the mortgagee, the mortgage in question was given.

*C. B. Sedgwick* for the appellant. The mortgage was valid without any agreement to mortgage being reported to the court. (1 Crary's Pr., Spec. Proc., 455 ; 2 id., 458 ; 2 Barb. Ch. Pr., 215 ; 2 Van Sant. Eq. Pr., 322.)

*W. H. Gifford* for the respondent. No agreement to mortgage having been reported, the mortgage was void. (2 R. S. [Edm. ed.], §§ 175, 177, p. 202 [m. p., 195] ; *In re Hazard,* 9 Paige, 365 ; *In re Mason,* Hopk. Ch., 122.) All statutory provisions for disposing of the property of infants must be strictly complied with or the attempted disposition thereunder will be void. (*Blackman* v. *Bawman,* 22 Wis., 611; *Woodcock* v. *Bowman,* 4 Met. [Ky.], 40 ; *Campbell* v. *Knight,* 26 Me. 224 ; *Parker* v. *Nichols,* 7 Pick., 111 ; *Williams* v. *Reed,* 5 id., 479 ; *Bloom* v. *Burdick,* 1 Hill, 130 ; *Schneider* v. *McFarland,* 2 Comst., 459 ; *Doughty* v. *Hope,* 3 Den., 595; *Sharp* v. *Speir,* 4 Hill, 76, 92 ; *Wheeler* v. *Miller,* 40 Barb., 644; *Jackson* v. *Shepard,* 7 Cow., 88 ; *Avery* v. *Foote,* 43 N. Y., 290; *Goodsell* v. *Phillips,* 49 Barb., 353 ; *Hallenbeck* v. *Fleming,* 6 Hill, 303 ; *Hardman* v. *Owen,* 39 N. Y., 196 ; *Kendall* v. *Washburn,* 14 How., 380.)

GRAY, C. The fact that Black, the grandfather of the infant Torrey, who, as the next friend of Torrey, petitioned for the appointment of himself as his special guardian for the purpose of selling or mortgaging his land, was also, as he claimed, the creditor of Torrey, and that his claim against his estate, for aught that appears by the proceedings, grew out of advances made and liabilities incurred by him, not as a guardian or by any authority whatever, but as a volunteer in maintaining a litigation in defence of his estate, and that the sale or mortgage asked for was to raise the means to pay such advances and liabilities does not, although it presents a state of things requiring the exercise of uncommon care on the

part of the court in supervising the proceedings, raise a juris-
dictional question; in all this the court acted judicially, and
if it decided erroneously in respect to it, or made a mistake
as to any other matter submitted to its consideration, not
involving its jurisdiction to do, omit to do, or authorize to be
done, cannot be questioned except by appeal, or in a direct
proceeding to set aside, or vacate what has been erroneously
done.

The presentation of the petition conferred upon the court
jurisdiction over Torrey, the infant and the subject-matter,
not, however, to proceed, in the exercise of its special and
limited jurisdiction, in accordance with its own judgment,
in disregard of the statute which, in derogation of the
common law, authorized the proceedings and enacted "a
list of things" necessary to be done before a conveyance
by which "a sale, leasing or other disposition of the infant's
real estate could be made." First. One or more suitable per-
sons are required to be appointed guardians in relation to the
proceedings on such application. Second. The guardians thus
appointed are required to give a bond to the infant, in such
penalty, and with such sureties, and in such form as the court
shall direct, conditioned for the faithful performance of the
trust reposed. Third. The bond being filed, the merits of the
application are to be inquired into; this being done, the court
becomes invested with authority to order the letting for a
term of years; the sale or other disposition of the real estate
by such guardian or guardians, so appointed in such manner,
and with such restrictions as shall be deemed expedient; and,
fourth, upon the agreement for a sale, leasing or other disposi-
tion of the property being made *in pursuance of such order*,
and reported to the court on the oath of the guardian making
the same, and then, if it be confirmed by the court, a convey-
ance shall be executed under the direction of the court. (2
R. S. [Edm. ed.], 202, 203, §§ 171, 172, 175, 177.) Each of
the requirements of the statute were complied with, except
the last, and that was disregarded. The grounds upon which
it is claimed that the disregard of this provision of the statute

does not invalidate the mortgage are, in substance: First. That it applies only to an agreement for an absolute sale, and not to a lease or other disposition of the property, or, as in this instance, to a mortgage; and, second, that a compliance with the provision could not be of any benefit to the infant. Why require the report of an agreement for a sale, leasing or other disposition of such property, if the only object was to determine whether a sale should be made. A mortgage is a sale upon condition. The terms of a lease are always more or less material, and so are the terms of any other disposition of real estate. In the case under consideration, it is hardly just to the court to suppose it to have been its intention that the guardian, under the order made, should be at liberty to mortgage the premises for any sum not exceeding $1,500, without first reporting an agreement for the precise amount agreed upon, and what proportion of it was for the cost of the proceedings, and when and where the mortgage was to be made payable, and when, where, and how often the interest upon it was to be paid. The order, as construed by the guardian, a creditor for whose benefit the mortgage was to be given, conferred upon him the power to consult his own will or necessities, or both, without any regard to the interests of his ward, to give a mortgage for the full sum authorized, just or not, and to make it payable at a time and place that would be greatly prejudicial to the interest of the infant, and yet valid as to the mortgagee. But assume that the court did intend to waive this requirement of the statute, or impart its jurisdiction to the guardian so far as to authorize him, instead of the court, to fix upon a sum between $1,200 and a sum not exceeding $1,500, for which the mortgage should be given; and, instead of the court, ratify and confirm his own agreement, not only as to the amount not exceeding $1,500, as well as to the time or times of payment, in either case, whether he intended to disregard this requirement of the statute or impart his jurisdiction to the guardian, he transcended his authority. A report by the guardian stating his agreement to mortgage, and the terms of it, was his plain duty, and then

it would have become the duty of the court, the discharge of which might have greatly benefited the infant, to consider whether the time and place of payment of the principal and interest would be as beneficial to the infant as some other disposition of its property. This is a subject upon which the Court of Chancery exercised great care; one of the conditions required of such a mortgage was that it should not be foreclosed until the infant should arrive at the age of twenty-two years, so as to give him one year after arriving at full age to raise means to pay the mortgage. (2 Barb. Ch. Pr., 215.) The right to execute such a mortgage is, by the statute authorizing such proceedings, made to depend upon a confirmation by the court of the agreement reported; then, in the language of the statute, " *if it be confirmed,* a conveyance shall be executed *under the direction of the court.*"

A sale under a surrogate's order for the sale of real estate whose jurisdiction, like that of the court in this case, was special and limited, was held void for want of confirmation. (*Rea and others* v. *McEachron,* 13 Wend., 465.) This is one of the cases " where certain steps are authorized by statute, in derogation of the common law, by which the title of one is to be divested and transferred to another," in which the late Judge COWEN held the rule to be, that every requisite of the statute having the semblance of benefit to the former must be strictly complied with or the title will not pass. (*Atkins* v. *Kinnan,* 20 Wend., 241, 249.) This rule was repeated and enforced in *Sharp* v. *Speir* (4 Hill, 76), and confirmed in the Court for the Correction of Errors. (*Striker* v. *Kelly,* 2 Den., 323.)

The order appealed from must be affirmed.

All concur.

Order affirmed, and judgment absolute ordered against plaintiff.