In the Matter of BENJAMIN VALENTINE, a Lunatic.

JACOB HAFF, Purchaser, Appellant.

The jurisdiction given to the court under the provisions of the Revised Statutes, in reference to the sale of the real estate of a lunatic (2 R. S., 54, *et seq*), being a special statutory one, can only be exercised as the statute directs.

The requirment of the statute (§ 12) that the petition " *shall* be referred," etc., is substantial and cannot be dispensed with; an omission to refer constitutes a fatal defect in proceedings under the statute.

A purchaser under such defective proceedings may move to have his title perfected by new or amended proceedings, or to have the purchase-money refunded.

As to whether there is any substantial difference in the steps required to be taken by the act of 1864, in reference to such sales (chap. 417, Laws of 1864), from those required by the Revised Statues, *quære.*

*In re Valentine* (10 Hun, 83) reversed.

(Argued January 15, 1878 ; decided January 22, 1878.)

APPEAL from order of the General Term, of the Supreme Court, in the second judicial department, affirming an order of Special Term denying an application on the part of Jacob Haff, purchaser, that Curtis S. Smith, committee of said lunatic, amend proceedings for the sale of the lunatic's real estate, or institute proceedings anew for the purpose of perfecting title, or refund to the applicant the moneys paid for said real estate. (Reported below, 10 Hun, 85.)

On the sixth day of August, 1873, the said committee

presented a petition to the Supreme Court, in which he stated that the only real estate belonging to the lunatic was a parcel of land therein described; that it did not produce any income; that there was no personal property belonging to the lunatic except a small quantity of household furniture, and that it was necessary for the support and maintenance of the lunatic and his wife and children that his real estate should be sold; that the committee had, subject to the approbation of the court, entered into an agreement with said Haff for the sale to him of the real estate mentioned and described in the petition, for the sum of twenty-three hundred dollars, to be paid upon the delivery of the deed therefor, which sum was the highest amount that he could obtain therefor. The petitioner asked that he might be authorized to sell the land so mentioned and described; that the contract which he had made therefor might be affirmed, and that such other and further order might be made as should be just. An order was made thereupon without a reference, whereby the sale mentioned was ratified, approved and confirmed, and it was ordered that the said committee execute and deliver to Haff a good and sufficient conveyance of the land upon receiving the purchase money agreed upon, and for the disposition thereof. In pursuance of this order a deed was executed by the committee to Haff, which was delivered and accepted; the money was paid and the purchaser went into possession of the land. On the first day of July, 1876, Haff entered into a contract to sell and convey the land. The purchaser declined to consummate the contract, because, as he alleged, Haff got no title by his conveyance to him on account of certain irregularities in the proceedings, one of which was a failure to refer the matter, as required by the Revised Statutes (2 R. S., 54, § 12), whereupon this application was made.

*N. C. Moak*, for appellant. The courts have no authority to order a sale of real estate belonging to a lunatic independent of the statute. (*Baker* v. *Lorillard*, 4 N. Y., 257;

*Snyder* v. *McFarland*, 2 id., 459; *Hyatt* v. *Seeley*, 11 id., 52; *Onderdonk* v. *Mott*, 34 Barb., 106; *Rogers* v. *Dell*, 6 Hill, 415; *In re Pettitt*, 2 Paige, 596; 3 id., 201; 5 id., 122; 7 id., 237; *Battell* v. *Burrell*, 10 Abb. [N. S.], 97, 103; affirmed 50 N. Y., 13.) The statutes must be strictly followed; a reference in the proceedings could not be dispensed with. (2 V. S. [2nd ed.], 400; Shelford on Lunacy, *366; 2 Hoffm. Ch. Pr., 265; 2 Barb. Ch. Pr. [2nd ed.], 243; *Ballett* v. *Torrey*, 65 N. Y., 294, 297–299; 4 Wal., 435; 9 How. [U. S.], 248; *In re Hewson*, 3 Wkly. Dig., 558; 53 N. Y., 322; *Outtrin* v. *Graves*, 1 Barb. Ch., 49.)

*Jno. J. Armstrong*, for respondent. Upon the return of the inquisition of lunacy and its confirmation, the committee became invested with the control and custody, both of the person and property of the lunatic, and the manner in which that control shall be exercised is a matter of discretion. (2 R. S., 52, § 1; id., 54, 16; Laws 1864, chap. 417; *In re Mason*, 11 Barb., 436; *In re Clapp*, 20 How., 285; *Parsee Merchant's Case*, 1 Abb. [N. S.], 209; *In re Pettitt*, 2 Paige, 596.) The only effect of a failure of a committee to file an inventory is, that upon the final accounting, the presumptions will be taken most strongly against the committee. (*In re Costar*, 3 Paige, 146.) No reference was necessary. (*In re McIllvaine*, 15 Abb., 91; *In re Perkins*, 2 J. Ch., 124.) A bond showing that it was given for the benefit of the lunatic would be a substantial compliance with the statute requiring a bond to the lunatic. (*Vil. of Warren* v. *Phillips*, 30 Barb., 646.)

CHURCH, Ch., J. We must, I think, assume that the proceedings which resulted in an order to sell and convey the real estate of the lunatic were under the provisions of the Revised Statutes (2 R. S., p. 54), and not under the act of 1864, chapter 417, for the reason that the order recites the necessity for a sale to be only for the support of the family of the lunatic, and we must presume that the court

made the order for that purpose, and disregarded other grounds stated in the petition. The act of 1864 does not authorize a sale for that purpose, but only for the support and education of the lunatic himself, and for the promotion of his interest for reasons specified in the statute, among which the support of his family is not included. It is unnecessary to determine whether there is any substantial difference in the steps required to be taken by the act of 1864 from those required by the Revised Statutes. The only apparent reason for the passage of the act of 1864 was to change, and in some respects enlarge, the grounds for selling the real estate of a lunatic, and it may well be claimed that the substantial requirements of the Revised Statutes were not intended to be dispensed with in proceedings instituted under that statute, except as therein specified. The question is whether the conveyance to the purchaser transferred to him a good title, and this depends upon whether the proceedings were valid.

The petition in this case was proper, and gave the court jurisdiction to proceed and determine the subject-matter involved, but it conferred jurisdiction to proceed not according to the discretion of the court, but in accordance with the statute. It was a special statutory jurisdiction, and could only be exercised as the statute directs. The statute (section 12) provides that on the presenting of such petition it *shall* be referred, etc. The referee is to examine into the truth of the representations made, to hear all parties interested in such real estate, and to report thereon. In this case no reference was made, and there was no hearing of the parties interested, and no report. We think that this requirement is substantial, and cannot be dispensed with, and that its omission constitutes a fatal defect in the proceedings. It may be that the same result would have been reached in this case as if a reference had been had, and the same would doubtless be true in a majority of cases, but the Legislature have seen fit to provide this as one of the safeguards for the protection of the real estate of persons who are incapacitated

from acting for themselves, and it should not and cannot be disregarded. Courts might easily be imposed upon by *ex parte* statements of parties, while a public hearing would tend to develop the whole truth and bring out any reasons which might exist against the proposed sale. The statute is mandatory, and requires a hearing of all parties interested before the referee. If the reference is dispensed with, it is essentially an *ex parte* proceeding.

I concur with the views expressed in the recent case of *Battell* v. *Torrey* (65 N. Y., 294), by the Commission of Appeals, and they are authoritative against the validity of these proceedings. The purchaser does not seek to retract from his purchase, or to be relieved therefrom. He only asks that the title may be perfected by new proceedings conducted according to the statute, or that the purchase-money may be refunded. This is not unreasonable and can work no injustice.

The orders of the General and Special. Terms must be reversed, and the motion granted, with costs, out of the estate of the lunatic.

The terms of the order if not agreed upon, may be settled by the court. The purchaser should be required to stipulate to pay as much as he before agreed to pay, and the committee should be allowed to procure more than that sum if he can do so.

All concur.

Ordered accordingly.