IN THE MATTER OF THE APPLICATION OF ONE-HALF OF THE TRUSTEES OF THE PYROLUSITE MANGANESE COMPANY FOR ITS VOLUNTARY DISSOLUTION.

*Corporation — a petition for its voluntary dissolution must state facts showing that such dissolution will be beneficial to its stockholders — the order requiring persons interested to show cause must comply strictly with the statute — objection how taken — report of the referee.*

A petition for the voluntary dissolution of a corporation must state facts showing that the dissolution of the corporation will be beneficial to the interest of the stockholders, it is not enough to allege that the parties differ as to the management of the affairs of the company, and that the petitioners, who own one-half of the shares of the corporate stock, are convinced that if the methods and plans of the other parties in relation to the management of the corporation be carried into effect the result will be the financial ruin of the corporation.

Section 2423 of the Code of Civil Procedure provides that the court shall, in such cases, make an order requiring all persons interested in the corporation to show cause before it, or before a referee designated in the order, at a time and place therein specified, not less than three months after the granting of the order, why the corporation should not be dissolved. A copy of the order is to be published, as directed in section 2424, and served upon each of the creditors and stockholders specified in the schedule which is required to be annexed to the petition.

*Held,* that the order to show cause was in the nature of process provided for bringing the persons interested in contesting and resisting the application before the court, and that the requirements of the statute, as to its form and contents, must be strictly complied with.

That an order requiring all persons interested, to show cause "why the prayer of the petitioners should not be granted" did not comply with the requirements of the statute, and that all proceedings founded thereon were void for lack of jurisdiction.

That the objection might be taken by any of the parties to the proceedings, and at any stage thereof.

Section 2426 requires the report of the referee to contain "a statement of the effects, credits and other property, and of the debts and other engagements of the corporation, and of all other matters pertaining to its affairs."

*Held,* that a statement that the schedules annexed to the petition were correct was not a compliance with this section.

APPEAL from an order made at a Special Term dissolving a corporation, the Pyrolusite Manganese Company, and appointing a receiver of its property.

*Edward C. James* and *James B. Dill*, for the appellants, The Pyrolusite Manganese Company and Edward H. Woodward and others, stockholders.

*John E. Ward*, for Charles C. Dodge and Anson P. Pond, petitioning trustees, respondents.

DANIELS, J. :

The proceedings were taken under the authority of title 2, chapter 17 of the Code of Civil Procedure. By the petition it was stated, and the proof taken establishes the fact, that one-half the shares of the corporate stock was owned by the petitioners, who were two of the trustees of the company proceeded against, and the other one-half was owned by the individual appellants. And it was for the reason, as it was stated, that these parties differed concerning the management of the affairs of the company, that the proceedings for its dissolution were instituted. But why the corporation should be dissolved because of that difference was not clearly stated in the petition. The statement upon that subject was, that the petitioners were convinced that if the " methods and plans advocated and pursued by the said Edward H. Woodward and Arthur T. Woodward, in relation to the management of said corporation, be carried out, the result would be the financial ruin of the said corporation." What these plans and methods were was in no manner stated in the petition, neither was it shown on account of this disagreement, or for any other reason, that it would be deemed beneficial to the interests of the stockholders that the corporation should be dissolved. And at least as much as that has been required by section 2419 of the Code of Civil Procedure to justify and support this proceeding. In this respect the petition was quite defective, and it was objected to as such by the appellants in the answers which they filed before the referee.

An equally serious, if not a more fatal defect, was contained in the order required to be and which was actually published and served upon the creditors and stockholders of the corporation. This order was in the nature of process provided for bringing the persons interested in contesting and resisting the application before the court. And its form and contents were specially prescribed by the provision directing it to be made and served. By the terms of this

provision, where the court entertains the application, or the case is one of those mentioned in section 2419, it has been directed that it "must make an order requiring all persons interested in the corporation to show cause before it, or before a referee designated in the order, at a time and place therein specified, not less than three months after the granting of the order, why the corporation should not be dissolved." (Code of Civil Pro., § 2423.) And this order has been required not only to be published once in each week of the three weeks immediately preceding the time fixed therein for showing cause, but it also has been directed that a copy of it must be served upon each of the persons specified in the schedule annexed to the petition, as a creditor or stockholder of the corporation. (Id., § 2425.)

The order which was in fact made, published and served was neither in form nor effect what section 2423 directed it should be, for it did not require the persons interested in the corporation to show cause why it should not be dissolved, but the requirement contained in it was that they should show cause "why the prayer of the petitioners should not be granted," which was neither in substance nor effect what the law had prescribed the order should be. No service of the petition itself was directed to be made by the statute or by the order, and it was not in fact served on either of the persons to whom the order was sent. For that reason neither of the persons proceeded against as interested in the corporation could understand, from anything contained in the order, that the proceeding was one to dissolve the corporation. No intimation whatever that this was intended to be its character was in any form contained in the order. This was a radical as well as material defect, for it wholly omitted to give the notice which the law had prescribed the creditors and stockholders should have as the foundation of the proceeding.

It was clearly intended by this portion of the Code that every person receiving a copy of the order should be informed by its contents that the proceeding was taken to dissolve the corporation itself. But this order contained no such information, and in that respect it entirely failed to comply with what the statute had required, and for that reason the proceeding was not legally commenced. The rule in all statutory proceedings is that they must

conform to the requirements made by the statute providing for them, and if they fail to do that then the court does not acquire jurisdiction over the proceeding, and it will have no authority to make any adjudication affecting the rights of the parties designed to be controlled by it. (*Sharp* v. *Speir*, 4 Hill, 76; *Matter of Haff*, 72 N. Y., 184.)

The fact that the parties appealing did not themselves take this objection to the proceeding, either in their motion to vacate the order or by their answer, does not remove the difficulty in the case, for they are not the only persons upon whom the order was required to be served, or who had the right to contest the proceeding itself. By section 2421 of the Code a schedule was required to be annexed to the petition containing a full and true account of the creditors of the corporation and of all its unsatisfied engagements; and each of these persons are required to be served with the order before the hearing provided for could take place or the corporation could be dissolved. Neither of these creditors, and the schedule to the petition named a considerable number of them, appeared in the proceeding, and they therefore in no manner waived their right to be served with precisely such an order as was prescribed by the statute. By the service of the order upon them, which was in fact made, no jurisdiction was acquired over them; and as this was an indispensable step in the progress of the proceeding, the omission to take it could be insisted upon at any time by either of the other parties. For while they might waive the direction to make and serve such an order upon themselves, they could not do that for either of these creditors, whom they do not appear to have had any authority whatever to represent; and they did not in fact attempt to appear for them. This omission in the order was a substantial jurisdictional defect in the proceeding, which prevented the court from obtaining complete jurisdiction over it, or over these creditors who were required to be made parties to it. The provisions of the statute are peremptory that the order shall be in the prescribed form, and that a copy of it must be served upon each of the persons specified in the schedule as a creditor or stockholder of the corporation. And as it was not in this form, and could not be so served, every party to the proceeding was at liberty to resist it because of these omissions.

The law has also declared that the report of the referee must contain a " statement of the effects, credits and other property, and of the debts and other engagements of the corporation, and of all other matters pertaining to its affairs."    That which was made by the referee contained no statement of the debts of the corporation, but it stated generally that the schedules annexed to the petition were correct.

This was not a compliance with what this section of the Code demanded, and so far as the amounts owing to the creditors were involved, no obstacles stood in the way of a literal compliance with this provision, even if the effects, credits and property of the corporation could not be set forth, because of the abstraction of the books and papers by the contestants.

Other objections have been taken to the regularity of the proceedings, which, even though well founded, are by no means of so serious a character as those which have already been considered. For the disposition of the appeal it is not requisite that they should receive specific attention.    The objections made to the substance of the petition and to the form of the order are fundamental, and as they have neither been removed or obviated by anything afterwards transpiring in the proceeding, it cannot be sustained.    These failures to comply with what the law has explicitly required, to institute and maintain such a proceeding, are so important as to render it incapable of being supported.    The order from which the appeal has been taken should be reversed, with costs, and the proceeding itself should be dismissed, but without prejudice to the commencement of another proceeding for the dissolution of the corporation in the form prescribed by the Code of Civil Procedure.

Davis, P. J., and Brady, J., concurred.

Order reversed, with costs.