“ McAdam, J.
Jurisdiction of the subject matter is conceded, and it is also conceded that the petition is in proper form and contains all the statutory requirements. The petition prays for £ the dissolution of the corporation,’ and the order requires all persons interested in it to show cause £ why the prayer of the petition should not be granted.’ The order is entitled in the proceeding which expresses its purpose, and refers to the petition on file. This is a substantial if not literal compliance with the statute, and all the law requires. The objection to the order is that it should have required those interested to show cause £ why the corporation should not be dissolved.’ It did so state, not in words repeated, but in words so plain that repetition was unnecessary. The object of the proceeding was the dissolution of the corporation; the petition prayed for a dissolution and requiring those interested to show cause £ why the prayer of the petition should not be granted,’ intelligently required them to show cause £ why the corporation should not be dissolved.’ It meant that, could mean but that, and no person of ordinary intelligence would claim that he understood anything different. The objection is a mere juggle on words, not meaning; is one of form, not substance; and j urisdiction even in special proceedings, to look at substance, not form, so long as there is a substantial compliance. The form used was taken literally from Abbott's New Forms, Vol. 1, p. 668, and anything that leaves the hands of Austin Abbott comes well recommended. In re Pyrolusite Company, 29 Hun, 429; 3 Civ. Pro. R. 270, the petition was defec *554 tive and no jurisdiction was in consequence required. In pointing out its numerous defects the court incidentally referred to the form of the order, and said it did not comply literally with § 2248 of' the Code. If that so-called defect had been the only one in the case, jurisdiction of the court would no doubt have been sustained. The order made herein was sufficient in form. It needed no amendment, yet the court in furtherance of justice, had the power to amend it, the petition being in accordance with the statute, conferred power on the court to act. The other cases relied on as authorities against the validity of the order have no application. They relate to the following subjects : The People v. Hulburt, 46 N. Y. 110, to the authority of taxpayers of towns; Battel v. Torrey, 65 N. Y. 294, to infants’ estates; In re Valentine, 72 N. Y. 184, to lunatics’ estates; and Stillwell v. Swarthout, 81 N. Y. 109, to administrators’ sales. The objection to the jurisdiction being untenable must be overruled. As to the perpetual stay, the application will be denied as to the Eggerts, whose rights became vested before the order herein was made. As to the Wahligs, the application must be granted. Their proceedings were instituted after the order was granted, and after the receiver acquired title which relates back to the time the order was signed. The second, third and fourth branches of the application are in the interest and for the benefit of all concerned and will be granted.”
John Fennel, for appellant Wahlig.
Lewis Hessberg, for appellant Eggert.
John C. Coleman, for the receiver, respondent.
Per Curiam.
The order should be affirmed, with ten dollars costs and disbursements, upon the opinion of the learned judge at special term.