the appropriation for the night medical service for 1897 was exhausted, no further liability against the city therefor could be created in that year. The general scheme of the charter of the city of New York is the same; but appropriations thereunder (as under the former charters of the city of Brooklyn and the old city of New York) come under two heads, viz., those which the board of estimate and apportionment and the municipal assembly are commanded by the charter to make and put into the tax levy, and those which are left to their discretion to make or not. The appropriation for the night medical service comes under the first head as has been seen. The said board and municipal assembly cannot by failing to make appropriations which the law commands them to make for specified public purposes prevent such purposes from being carried out. The same section which commands that an appropriation be made to pay for the services of the physicians who constitute the night medical service also commands (for instance) that appropriations be made to pay for certain services of justices of the supreme court of the state, and the expenses of registering voters, and of elections. The said board and council cannot by failing to make such appropriations prevent such expenses from being incurred in the one case any more than in the others. They cannot prevent the mayor and corporation counsel from collecting their salaries by failing to appropriate the sum necessary therefor and put it in the tax levy. They are empowered to fix a limit which the expense of the night medical service shall not exceed. This they may do in good faith; but they may not refuse to make any appropriation for it. The plaintiff had a right to presume that they had obeyed the mandate of the statute.

The charter provides that "no expenses shall be incurred by any of the departments, boards or officers thereof, unless an appropriation shall have been previously made covering such expense, nor any expense in excess of the sum appropriated in accordance with law"; and that "no charge, claim or liability shall exist or arise against said city for any sum in excess of the amount appropriated for the several purposes." Sections 1541, 1542. But this must be read in relation to the said general scheme dividing appropriations into those which are discretionary and those which are mandatory, and it can have application to the former only.

Judgment for the plaintiff for the services rendered in 1898.

---

### WIGHT v. HAYDEN et al.

(Supreme Court, Trial Term, New York County. April, 1900.)

1. INCOMPETENT PERSONS—COMMITTEE—RIGHT TO SUE.

Under Code, § 1819, providing that, if an executor refuses to pay a legacy or distributive share of the estate after the expiration of one year from the time letters testamentary were granted, the party entitled thereto may bring an action for the same; and section 2340, giving an incompetent's committee the right to maintain any action which such incompetent could have brought,—a committee of an incompetent's property is entitled to sue executors to compel the payment of a distributive share of the estate due such incompetent.

2. SAME—BOND—SUFFICIENCY.

　　The executors of an estate cannot object to the sufficiency of a bond filed by a committee of the property of an incompetent person, where such bond was fixed and approved by the court, since such approval is sufficient to protect the executors in paying over a share of the estate to the committee.

3. SAME—PREMATURE ACTION.

　　Where one year had expired after letters testamentary were issued, and a committee of property of an incompetent person had qualified, and obtained leave of court to bring an action to compel the payment of a distributive share of the estate due the person he represented, an objection that the suit was prematurely brought was not well taken.

Action by Edwin M. Wight, as committee of the estate of Harriet H. Arnold, against Henry W. Hayden and another, as executors of the estate of Mary Hart, deceased. Judgment for plaintiff.

Gratz Nathan, for plaintiff.
Ward, Hayden & Satterlee, for defendants.

McADAM, J. The action is by the plaintiff, as committee of the estate of Harriet H. Arnold, to recover $2,350,—the amount of the distributive share of said Arnold in the personal estate of Mary Hart, of which the defendants are the executors. Although there has been no judicial settlement of the accounts of the defendants as executors, they have fully administered the personal estate of the decedent, to one equal tenth part of which the said Arnold is entitled by the provisions of the will, and have paid to each of the other distributees the nine-tenths to which they were entitled. The plaintiff was appointed the committee, not of any particular fund, or of any specific property, but of the entire estate of said Arnold, whether in esse at the time of the appointment or not. The Code (section 1819) provides that:

　　"If, after the expiration of one year from the granting of letters testamentary or letters of administration, an executor or administrator refuses, upon demand, to pay a legacy or distributive share, the person entitled thereto may maintain such an action against him as the case requires," etc.

And section 2340 provides that:

　　"A committee of the property * * * may maintain in his own name, adding his official title, any action or special proceeding which the person, with respect to whom he is appointed, might have maintained if the appointment had not been made."

The facts bring the case within those two sections, which furnish warrant in law for the action. The real ground of the refusal of the defendants to pay the plaintiff is that as the amount of the plaintiff's bond was fixed before said Arnold became entitled to any share in the estate of Mary Hart, deceased, who died after the appointment of the committee, they would not be protected by a payment to the plaintiff of the sum claimed. If the position taken by the defendants is tenable, no action could be maintained by any person acting in a representative capacity without making it appear that the penalty of his bond was fixed with reference to the particular demand sought to be enforced and to all possible

contingencies. Such a contention cannot prevail. The amount of the bond which the plaintiff has given is no concern of the defendants, provided the amount was duly fixed by the court which appointed him, and it is not claimed that it was not so fixed. Payment by the defendants would fully protect them, and that is all they have a right to require. See Roderigas v. Institution, 63 N. Y. 460. The only question open to the defendants is one of jurisdiction (Roderigas v. Institution [on subsequent appeal] 76 N. Y. 316), which does not arise here. The order appointing the plaintiff required him to give a bond in the penal sum of $10,000, the form of the bond being prescribed in the order. The bond was duly executed, approved and filed, and a commission in due form issued to the plaintiff under the seal of the court, giving him the care and management of the estate of said Arnold,—real as well as personal. Having thus qualified, the plaintiff is entitled to dominion and possession of all the personal estate, and of the rents, issues, and profits of the real property. "The powers and duties of a committee closely resemble those of a general guardian of an infant. Our statutory policy tends to clothe him with complete control over the personalty, while his power over the realty is usually limited to leasing and the perception of profits." Sedg. & W. Land Title, § 204. And see 1 Fiero, Spec. Proc. 723; Johnson v. Ayres, 18 App. Div. 495, 46 N. Y. Supp. 132; 2 Crary, Prac. (5th Ed.) 37 et seq. The Code (section 2337) provides that the provisions of article 1, tit. 7, and section 2595, art. 5, tit. 2, c. 18, respecting the security to be given by the guardian of the property of an infant, appointed by the surrogate's court, apply to a committee of the property of an incompetent person. A reference to the provisions thus made applicable to a committee will show that the section specifically mentioned (section 2595) simply authorizes a surrogate, if the value of the estate or fund is so great that the surrogate deems it inexpedient to require security in the full amount prescribed by law, to direct that a portion of the estate, consisting of securities, be delivered to the county treasurer, or be deposited, subject to the order of the trustee countersigned by the surrogate, with a trust company, and that after such deposit has been made the amount of the bond may be fixed with respect to the value of the remainder only of the estate or fund. The other provisions made applicable to the bond of the committee are those contained in section 2830, which provides for a bond not less than twice the value of the personal property and of the rents and profits of the real property, and further provides that, where it is impracticable for the guardian to give a bond sufficient to cover the whole amount of the personal property, the surrogate may accept security not less than twice the amount of the particular portion of the property which the guardian will be authorized under the letters to receive, and issue limited letters thereon,—a procedure quite necessary and appropriate where the immediate purpose of the appointment of the guardian is to administer some specific property, and not the entire estate of the infant. The other sections of the article referred to in section 2337

have no relation to the matter of security. If the defendants, instead of distributing the personal estate without a judicial accounting, had instituted a proceeding for such accounting, the plaintiff would have been entitled to have a provision inserted in the decree directing the payment to him of the sum to recover which this action is brought. While section 2746 provides that, when a legacy or distributive share is payable to an infant, the decree may, in the discretion of the surrogate's court, direct it, or so much of it as may be necessary, to be paid to his general guardian, to be applied to his support and education, and also may direct any such legacy or distributive share to be paid to the general guardian upon his executing and depositing with the surrogate a bond conditioned for the faithful application thereof by the guardian, there is no similar provision in the Code in respect to a share of personal property payable to an incompetent person; thus indicating that the committee in such a case is entitled to receive the legacy or distributive share, and that the surrogate has no power to insert in the decree a direction that he give any new security, as a condition of receiving payment of the same. The Code (section 2597) provides that any person interested in any estate or fund may apply, by petition to the surrogate, that the principal in any bond be required to give a new bond in a larger penalty upon a showing that the bond already given is inadequate in amount. That section is not made applicable to the case of the committee of an incompetent person, but, even if it did apply to the bond of a committee, the procedure is a distinct one, requiring a substantive application to be made for that purpose by petition, upon which the principal in the bond is to be cited to show cause why the prayer of the petition should not be granted. In the absence of an order in such a proceeding requiring the principal in the bond to furnish such new security, the standing of the guardian or committee cannot be questioned, especially by a stranger, upon any allegation of the inadequacy of his bond. If for any reason the bond ought to be increased in amount to meet the new condition, an application with that end in view should be made to the supreme court (the appointing power) by some relative having an interest in the protection of the estate (2 Crary, Prac. [5th Ed.] 41), and the court, on such an application, would, no doubt, fully protect all the parties in interest. For present purposes the bond seems sufficient. The corpus of the real property does not come within the control of the plaintiff (Sedg. & W. Land Title, § 203; Walrath v. Abbott, 75 Hun, 445, 27 N. Y. Supp. 529; In re Valentine, 72 N. Y. 184), and it will take some time before the share of the rents belonging to the person he represents will amount to a large sum. There is no force in the objection that the action was prematurely brought, for the plaintiff qualified and obtained leave to sue before suit brought.

There must be judgment for $2,491.40, the amount claimed, with interest from the expiration of one year after letters testamentary were issued. Redf. Sur. (3d Ed.) 600, 601.