PAUL M. MATTICE, as Successor Committee of ELLEN S. GIBSON, an Incompetent, Plaintiff, *v.* BOWERY SAVINGS BANK, Defendant.

First Department, May 21, 1943.

*Edgar Hills* of counsel (*Campbell & Hills,* attorneys), for plaintiff.

*Donald H. Larmee* of counsel (*Muriel V. Gross* with him on the brief; *Cadwalader, Wickersham & Taft,* attorneys), for defendant.

TOWNLEY, J. Plaintiff, as successor committee of one Ellen S. Gibson, an incompetent, by this submission seeks to recover $2,094.13 from defendant, which sum defendant paid to one Madeline Gibson, the duly appointed original committee of the said incompetent. This sum was paid out by the defendant bank from an account in the name of the incompetent which was subsequently changed to the account of Madeline Gibson as committee for the incompetent.

The original transfer and all subsequent payments by the bank were made pursuant to an order of the Supreme Court of the State of New York for Greene County dated September 21, 1934. This order appointed Madeline Gibson committee. In addition it provided for the filing of a bond in the amount of $1,200 by the said committee and further directed the delivery of all property of the incompetent to the said committee upon the presentation of a certified copy of the order and a certificate of the clerk of Greene County that the bond required by the said order had been duly filed and recorded.

All the conditions of the order were complied with. The committee withdrew the moneys and then converted them to her own use. The bank acted in good faith at all times.

The theory of the plaintiff is that the bank should have known the law and have inferred therefrom that $1,200 was an insufficient bond to cover the $2,000 deposit. With this contention we do not agree. Special Term had jurisdiction of the parties and it acted judicially in appointing the original committee and in fixing the amount of the bond even though it acted on a petition which did not give complete information to the court as to the extent of the estate.

Section 1375 of the Civil Practice Act provides that the bond shall be " fixed and approved by the court." An understatement in the petition as to the assets in the incompetent's estate does not raise a question as to the full jurisdiction of the court to make the order that is proper on the facts as they appear. The bank was obliged to comply with the terms of the order whatever they were. As was said in *Wright* v. *Hayden* (31 Misc. 116) under somewhat analogous conditions: " * * * If the position taken by the defendants is tenable, no action could be maintained by any person acting in a representative capacity without making it appear that the penalty of his bond was fixed with reference to the particular demand sought to be enforced

and to all possible contingencies. Such a contention cannot prevail. The amount of the bond which the plaintiff has given is no concern of the defendants, provided the amount was duly fixed by the court which appointed him, and it is not claimed that it was not so fixed. Payment by the defendants would fully protect them, and that is all they have a right to require.''

Any other rule would make all court orders in relation to committees subject to needless litigation and testing. We find no merit to the plaintiff's contention.

Judgment should be granted for the defendant, without costs.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Judgment unanimously directed in favor of the defendant, without costs. Settle order on notice.