JONATHAN E. PIERPONT et al., Administrator (with will annexed), Respondents, v. RICHARD PATRICK et al., Appellants, and EBENEZER E. SILL, Respondent.

Where a testator has by a codicil, in express terms, revoked a disposition made by his will, the same special or general interest which he had in making the original disposition cannot be ascribed to him in making the substituted provision.

The presumption of a change of purpose arises from the fact of revocation ; at least no strained or unnatural construction should be put upon the codicil to conform the disposition made by it to the intent manifested in the provision of the will which is annulled ; the intent must be sought for in the new disposition.

The will of E. gave his residuary estate to the children of two brothers and a sister, each family to take a third ; any debts due the testator from his brothers or sister, or their children, to be deducted from the shares given to their children respectively,, and the amount due from each legatee, to be deducted from the proportion so given to him or her respectively.   By a codicil he, in express terms, revoked this provision and gave to the children of his brothers and sister, living at his death, $3,500 each, subject, however, to the debts of the several families as provided in the will; the residue of the estate he gave to a nephew.   *Held*, that the intent manifested in the clause of the will which was revoked, to distribute the property *per stirpes*, could not be regarded as continuing, and could not affect the construction of the codicil ; that each of the children of the testator's brothers and sister, living at the time of his death, was entitled to $3,500, and that the share of each child should be charged with his own indebtedness to the testator and with his proportion of the indebtedness of his parent.

(Argued October 1, 1873 ; decided November 11, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment entered upon the report of a referee.

This action was brought to obtain a construction of the last will and testament of Ebenezer Ely, late of Rochester, deceased.

Said Ely died on the 25th of March, 1870.   His will, after giving certain specific legacies, contained the following clause :

" Fifth.  After all the preceding legacies are paid, I give

and bequeath all the remainder of my property, after the charges of settling my estate are deducted, to the children of my late brother John Ely, to the children of my late brother Seth Ely, and to the children of my sister Deborah Sill, as follows, to wit : *one-third* to the children of the said John Ely ; *one-third* to the children of the said Seth Ely, and *one-third* to the children of the said Deborah Sill; it being hereby provided, that if any of said children, at the time of my decease, shall have died, leaving descendants, then such descendant or descendants shall be entitled to the share of the remainder of my property, as his or her or their father or mother would have been entitled to, if living at the time of my decease.

"And it is further provided, that any amount which may be due to me from either the said John Ely, or his children, or from the said Seth Ely, or his children, or from said Deborah Sill, or her children, shall be accounted as due at the time of my decease, and shall be deducted from the share so bequeathed or devised to said John, Seth and Deborah's children aforesaid respectively, the amount due from each of above named devisees or legatees and his or her parents being deducted from the proportion so devised or bequeathed to him or her respectively, notwithstanding the statute of limitations may have run.

" The payments on account of said remainder shall be made for the said three families as above directed, by my executors, as often and as fast as the sum of $1,000 or upward shall come into their hands, and if any of said children shall have died, leaving children, the latter shall be entitled to his, her or their parent's share."

On the 17th day of September, 1868, he duly executed and published a codicil to his will, containing the following clauses :

" Second. Instead of the fifth provision of said will, which provision I revoke, I give and bequeath to the children of my deceased brothers, John and Seth, and of my sister Deborah Sill, which may be living at the time of my decease,

the sum of $3,500 each, subject, however, to the debts of the
several families, as provided in my said will ; the payments
to be made as fast as convenience will allow in the settlement
and adjustment of my estate.

" Third. I give, devise and bequeath to my nephew Eben-
ezer E. Sill, of Rochester, all and singular the rest and resi-
due of my estate, of every description and character, to him,
his heirs and assigns forever ; and I desire to express my
gratitude for the unbounded kindness of said Sill and his
family to me during the latter years of my life."

The referee decided that the children of each of the two
brothers and sister of the deceased took, as a class, the sum
of $3,500, not as individuals.

*Henry R. Selden* for the appellants.

*W. F. Cogswell* for E. E. Sill, respondent. The will and
codicil are to be construed together, and the dispositions of
the will are not to be disturbed any more than is absolutely
necessary to give effect to the codicil. (1 Redf. on Wills, 287,
288, 427–429 ; *Kane* v. *Astor,* 5 Sand., 467, 519 ; *Westcott*
v. *Cady,* 5 J. Ch., 334 ; 4 Kent's Com., 531 and notes ; *De
Nottebeck* v. *Astor,* 3 Kern., 98.) Technical grammatical
rules give way, if in conflict with the testator's intention, as
manifested by the whole instrument taken together. (1 Redf.
on Wills, 427–433 ; *Bradhurst* v. *Bradhurst,* 1 Paige, 331 ;
*Parks* v. *Parks,* 9 id., 107 ; *Irving* v. *De Kay,* id., 521 ; *Pond*
v. *Bergh,* 10 id., 140 ; *De Kay* v. *Irving,* 5 Denio, 646 ; *Bur-
tis* v. *Doughty,* 3 Brad., 287 ; 4 Kent's Com., 534, 535, and
notes ; 2 R. S., 5th ed., 184, § 82 [75], 10 sub.) It was clear
the testator intended that the children of the three families
should take *per stirpes.* (*Clark* v. *Lynch,* 46 Barb., 68, and
cases cited.)

ANDREWS, J. The testator by his will, after making cer-
tain specific legacies, gave the residue of his property to the
children of his deceased brothers John and Seth Ely, and of

his sister Deborah Sill, one-third part to the children of each family, and directed that any debts owing to him by his brothers or sister, or their children, should be deducted from the share given to their children respectively, and that the amount due from each of the legatees, and from his or her parents, should be deducted from the proportion so given to him or her respectively. The codicil in terms revokes this provision of the will, and, instead thereof, makes the following provision: "I give and bequeath to the children of my deceased brothers John and Seth, and of my sister Deborah Sill, who may be living at my decease, the sum of $3,500 each, subject, however, to the debts of the several families, as provided in my said will; the payment to be made as fast as convenience will allow, in the settlement of my estate." This is followed by a gift to his nephew Ebenezer E. Sill (son of Deborah Sill) of the residue of his estate, accompanied by an expression of the testator's gratitude for the kindness of the nephew and his family to him during the latter years of his life.

The only question in the case is, whether each of the children of the testator's brothers and sister are entitled under the codicil to the sum of $3,500, or whether each class of children take that sum only.

Standing alone, and construing the words of the codicil without reference to the intent of the testator manifested in the clause of the will which he revoked, to distribute his property *per stirpes*, and to families and classes, and not to his nephews and nieces as individuals, the meaning of the codicil seems too plain to admit of doubt. The gift is, to each of the children of his brothers and sister, of the sum of $3,500; the testator does not use this precise arrangement of words, but the words used express the same intent and have the same meaning. The word *each* is a word of separation, and distinguishes the individuals composing the children of each family as the objects of the testator's bounty.

It is urged that the intent of the testator, manifested in the

will, to give his property to the children of each family as a class, and not as individuals, should be regarded as continuing when the codicil was made, and should be held to control in its construction. Authorities and cases are cited, to the effect that a codicil is a part of the will, and that the dispositions of the will should not be disturbed by it any further than is necessary to give effect to the codicil. (1 Jarmin, 160; *Doe* v. *Hicks*, 1 Cl. and Fin., 20; *Kane* v. *Astor*, 5 Sand., 467; *Westcott* v. *Cady*, 5 J. Ch., 334; *De Nottebeck* v. *Astor*, 3 Kern., 98.) These are cases of implied revocation, arising from inconsistent dispositions in the will and codicil; and the rule was applied which obtains in the construction of all written instruments. The will is affected only so far as there is a repugnancy between it and the codicil. It cannot be supposed that the testator, in case of an implied revocation, intended to affect the will by the codicil any further than was necessary to give effect to the codicil. In all other respects the purpose and intent of the testator, manifested by the will, are deemed to be unchanged. But I know of no reason for ascribing to a testator, who has, in express terms, revoked a disposition made by the will, the same special or general intent, in making a substituted provision, which he had in making the original one. The presumption of a change of purpose arises from the fact of revocation, and at least no strained or unnatural construction ought to be put upon the codicil in such a case to conform the disposition made by it to the intent of the testator, manifested in a provision of the will which he has expressly annulled.

In *Holden* v. *Holden* (8 Vesey, 97), where a testator, by a codicil reciting a limited and specific purpose in making it, revoked the devise made in his will, declaring the trusts again with the proposed alteration, and confirming the will in every particular not thereby altered and revoked, it was held that the omission of one trust, although contrary, as the court believed, to the intention of the testator, could not be supplied. Sir William Grant said: "It is evident he (the testator) had a settled design to revoke, not using the word for alter,

for he makes a new devise immediately to the same trustees, upon the supposition that the former is entirely gone by the words of revocation. It is clear that we must find in his new disposition everything that is to relate to these estates."

The departure by the testator, in making the codicil, from the intent indicated by the will, is in several respects strongly marked. The nephew was made the residuary legatee in place of the children of the testator's brothers and sister. The will made the distribution equal among the several families, making no discrimination, in terms, in favor of any of his nephews and nieces over the others, and placing them substantially on the same footing, the difference arising only from the different number of children of the several families. The codicil gives to the residuary legatee (construing it according to the natural import of the words used) $30,000 more than he would have taken under the will, a sum much larger than the legacies given to the other nephews and nieces of the testator. This disparity would be greatly increased by the interpretation adopted by the learned referee. Nor do I perceive any difficulty in adjusting the indebtedness charged upon the several shares, if the natural construction is adopted. The aggregate sum given to the children of each family will be subject to be diminished by any indebtedness of the parent to the testator, and the share of each child by any indebtedness of such child. This would not only be an equitable mode of adjustment, but is consistent with and gives effect to the language of the will. The share of each child will, in this way, be charged with his own indebtedness, and with his proper share of the indebtedness of his parent.

The judgment should be reversed, and judgment should be entered, declaring that, by the true construction of the will and codicil, each of the nephews and nieces, living at the death of the testator, take a legacy of $3,500.

All concur.

Judgment accordingly.