Margaret Ann O'Donoghue et al., Respondents, v. L. Dwight Boies, Appellant.

1. Partition Sale of Infant's Real Estate — Jurisdiction — Attack upon Judgment. *Quære,* whether the fact that a sale of an infant's real estate in partition was contrary to a will and therefore forbidden by statute (2 R. S. 195, § 176) constitutes a jurisdictional defect which exposes the judgment in partition to attack as void for want of jurisdiction, when set up in another action as a source of title, although the court had jurisdiction of the parties and of the general subject of partition.

2. Purchase by Guardian at Partition Sale of Infant's Real Estate. A purchase by a guardian in his own name at a sale in a partition suit to which his ward was a party, governed by the provision of the Revised Statutes on the subject (2 R. S. 326, § 58), is presumed to be void, and in an action of ejectment brought by the ward, on coming of age, against a third person, the burden rests upon the defendant, claiming title through such a purchase, to show that it was for the benefit of the infant; and if the defendant's answer alleges a purchase by the guardian in his own name, followed by possession on the part of the guardian under a claim of title exclusive of any other right, and it appears that the defendant bought the property when the judgment in partition and the consequent conveyance to the guardian were of record, running to the guardian in his own name and containing no provision showing that the purchase was for the benefit of the infant, it must be assumed that the guardian's purchase was not for the benefit of the infant and was therefore void, and the defendant is chargeable with notice of the defect in the sale, although there had been a judicial confirmation of the report of sale.

*O'Donoghue* v. *Boies,* 92 Hun, 3, affirmed.

(Argued March 16, 1899; decided April 25, 1899.)

Appeal from an order of the late General Term of the Supreme Court in the fourth judicial department, entered January 14, 1896, reversing a judgment in favor of defendant entered upon a decision of the court dismissing the complaint on trial at Circuit, a jury having been waived, and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinions.

*B. A. Benedict* for appellant. The judgment in partition was the judgment of the Supreme Court, a court of record, and a court having jurisdiction of partition actions. Every intendment will, therefore, be in support of the judgment. Jurisdiction and its validity will be presumed until the contrary is affirmatively shown. (*Maples* v. *Mackey*, 89 N. Y. 146; *Ferguson* v. *Crawford*, 86 N. Y. 609; 70 N. Y. 253; *Moeschler* v. *Lochte*, 12 N. Y. S. R. 855; *Bosworth* v. *Vandewalker*, 53 N. Y. 597; *People ex rel.* v. *Warden, etc.*, 100 N. Y. 26.) In the partition suit, the court acquired jurisdiction of the person of Margaret. (*Bogert* v. *Bogert*, 45 Barb. 121; *Bosworth* v. *Vandewalker*, 53 N. Y. 597; *Maples* v. *Mackey*, 89 N. Y. 145; *Ferguson* v. *Crawford*, 70 N. Y. 253; *People ex rel.* v. *Warden, etc.*, 100 N. Y. 26.) As to William and James, infants over fourteen years of age, the court acquired jurisdiction. The appointment of a guardian *ad litem* for them was regular, and the judgment is conclusive upon them, collaterally. (2 R. S. 317, § 2; *Croghan* v. *Livingston*, 17 N. Y. 218; *Varian* v. *Stevens*, 2 Duer, 635; *Disbrow* v. *Folger*, 5 Abb. Pr. 54; *Gotendorf* v. *Goldschmidt*, 83 N. Y. 110; *Ingersoll* v. *Mangan*, 84 N. Y. 626.) If it be true, as plaintiffs contend, that a sale of the real estate was contrary to the provisions of the will, and as an original proposition prohibited by the provisions of the Revised Statutes forbidding the sale of infants' real estate against the provisions of a will which created that estate, or was in contravention of a trust, even then the judgment and sale in partition are binding and conclusive between the parties and cannot be impeached collaterally. (*Schaettler* v. *Gardiner*, 47 N. Y. 404; *Blakeley* v. *Calder*, 15 N. Y. 617; *Howell* v. *Mills*, 56 N. Y. 226; *Clemens* v. *Clemens*, 37 N. Y. 59; *Patrick* v. *Shaffer*, 94 N. Y. 423; *Leavitt* v. *Walcott*, 95 N. Y. 212; *Hunt* v. *Hunt*, 72 N. Y. 217; *Lange* v. *Benedict*, 73 N. Y. 12; *Cromwell* v. *Hull*, 97 N. Y. 209; *Reed* v. *Reed*, 107 N. Y. 545.) The partition action was maintainable and properly brought by one of the beneficiaries under the will, whose estate was vested in fee and held in common.

The action could have been maintained by any one of the children upon his arriving at full age without the express authority to partition given in the ninth clause of the will. (2 R. S. tit. 3, pt. 3, ch. 5; *Blakeley* v. *Calder*, 15 N. Y. 617; *Stevenson* v. *Lesley*, 70 N. Y. 512.) The partition judgment was conclusive. (*Brevoort* v. *Brevoort*, 70 N. Y. 136; *Brewster* v. *Striker*, 2 N. Y. 19; *Blakeley* v. *Calder*, 15 N. Y. 617; *Howell* v. *Mills*, 56 N. Y. 226; *Mead* v. *Mitchell*, 17 N. Y. 210; *Clemens* v. *Clemens*, 37 N. Y. 59; *Cromwell* v. *Hull*, 97 N. Y. 209; *Reed* v. *Reed*, 107 N. Y. 545.) All presumptions are in favor of the judgment, and these plaintiffs, having been made parties, and the court having acquired jurisdiction of the person and of the subject-matter, the judgment in partition and order of confirmation of sale are conclusive and binding upon these plaintiffs in any collateral action. (*Woodhull* v. *Little*, 102 N. Y. 165; *Blakeley* v. *Calder*, 15 N. Y. 617; *Clemens* v. *Clemens*, 37 N. Y. 59; *Bennett* v. *Austin*, 81 N. Y. 327; *Howell* v. *Mills*, 56 N. Y. 226; *Bloomer* v. *Sturges*, 58 N. Y. 168; *Hunt* v. *Hunt*, 72 N. Y. 217; *Lange* v. *Benedict*, 73 N. Y. 27; *Jenkins* v. *Fahey*, 73 N. Y. 355; *Jordan* v. *Van Epps*, 85 N. Y. 436.) If it be true, as contended by plaintiffs and as held by the General Term, that the testator's intention was that the property should be held and not sold until all the eight minor children should arrive at the age of twenty-one years or die before maturity, then the devise and trust were void under the statute, as suspending the absolute power of alienation for a longer period than during the continuance of two lives in being at the creation of the estate. (1 R. S. 723, §§ 14, 15; *Robert* v. *Corning*, 89 N. Y. 235; *Lang* v. *Ropke*, 5 Sandf. 363.)

*William G. Choate* and *Frederick A. Card* for respondents. On this appeal all presumptions are in favor of respondents, and the burden rests on appellant of showing error in the order granting a new trial. (*Carman* v. *Pultz*, 21 N. Y. 547; *Reese* v. *Boese*, 94 N. Y. 623; *Krekeler* v. *Thaule*, 73

N. Y. 608; *Ward* v. *Craig*, 87 N. Y. 550; *Reed* v. *McConnell*, 133 N. Y. 425.) Respondents' claims are meritorious and entitled to the favorable consideration of the court on this appeal. (*Cochran* v. *Van Surlay*, 20 Wend. 371; *Bell* v. *Champlain*, 64 Barb. 396; *Reynolds* v. *Cooper*, 100 Ill. 356; *Scott* v. *Monnell*, 1 Redf. 431; *Clapp* v. *Byrnes*, 155 N. Y. 535; *Forbes* v. *Halsey*, 26 N. Y. 53; *Douglas* v. *Cruger*, 80 N. Y. 15; *Matter of Roe*, 119 N. Y. 509; *Hetzel* v. *Easterly*, 66 Barb. 443; *Wood* v. *Wood*, 83 N. Y. 575.) A sale of the infants' real estate during their minority was contrary to the will of Michael O'Donoghue and in contravention of the trusts contained in his will. (*Roe* v. *Vingut*, 117 N. Y. 204; *Bonard's Will*, 16 Abb. [N. S.] 128; *Matter of Blauvelt*, 39 N. Y. S. R. 774; *Wager* v. *Wager*, 96 N. Y. 174; *Matter of Gardner*, 69 Hun, 50; *Freeman* v. *Coit*, 96 N. Y. 63; *Pierpont* v. *Patrick*, 53 N. Y. 591; *Van Nostrand* v. *Moore*, 52 N. Y. 12; *Viele* v. *Keeler*, 129 N. Y. 190; *Atty.-Gen.* v. *Hamilton*, 1 Mad. Ch. 214.) The court had no jurisdiction to sell the infants' lands in the partition suit, contrary to the provisions of the will of Michael O'Donoghue. (*Rogers* v. *Dill*, 6 Hill, 415; *Forman* v. *Marsh*, 11 N. Y. 551; *Losey* v. *Stanley*, 147 N. Y. 560; *Muller* v. *Staubman*, 6 Abb. [N. C.] 348; *Forbes* v. *Halsey*, 26 N. Y. 53; *Ellwood* v. *Northrup*, 106 N. Y. 172; 2 R. S. 193–196, 317–331; *E. P. Co.* v. *Lacey*, 63 N. Y. 422; *McKenna* v. *Edmundstone*, 91 N. Y. 231; *People ex rel.* v. *City of Brooklyn*, 69 N. Y. 605.) The court had no jurisdiction to sell the infants' lands, because such sale was in contravention of the trusts contained in the will of Michael O'Donoghue. (*Matter of Mills*, 28 App. Div. 258; Perry on Trusts [4th ed.], § 605; *Douglas* v. *Cruger*, 80 N. Y. 15; *Briggs* v. *Davis*, 20 N. Y. 15; *Kirsch* v. *Tozier*, 143 N. Y. 390; *Uhl* v. *Loughran*, 22 N. Y. S. R. 259; *Wills* v. *Chandler*, 2 Fed. Rep. 273; *Cuthbert* v. *Chauvet*, 136 N. Y. 326; L. 1882, ch. 275; L. 1884, ch. 26; L. 1886, ch. 257; L. 1891, ch. 209.) The prohibition of a sale of the infants' lands during their minority did not render the will void as creating a perpetuity,

or impose any undue hardship upon the adult children. (*Manice* v. *Manice*, 43 N. Y. 303; *Van Brunt* v. *Van Brunt*, 111 N. Y. 178; *Vanderpoel* v. *Loew*, 112 N. Y. 167, 185; *Stevenson* v. *Lesley*, 70 N. Y. 512; *Meserole* v. *Meserole*, 1 Hun, 66; *Gilman* v. *Reddington*, 24 N. Y. 9; *Bliven* v. *Seymour*, 88 N. Y. 469; *Durfee* v. *Pomeroy*, 154 N. Y. 583.) The sale had in the partition suit could be collaterally attacked in this action, and lack of jurisdiction to order it is shown herein. (*Williamson* v. *Berry*, 8 How. [U. S.] 495; *Matter of Walker*, 136 N. Y. 20; *Chemung Bank* v. *Judson*, 8 N. Y. 254; *Craig* v. *Town of Andes*, 93 N. Y. 406; *Gilpin* v. *Paige*, 18 Wall. 350; *Denning* v. *Corwin*, 11 Wend. 648; *Risley* v. *P. Bank*, 83 N. Y. 318; Wells on Res Adjudicata, § 477; *Morse* v. *Peasly*, 2 Frost [N. H.], 299; *Thacker* v. *Parnell*, 6 Wheat. [U. S.] 119; *Ellwood* v. *Northrup*, 106 N. Y. 172.) The purchase of this property by the guardian in the partition suit was void, and defendant can derive no title thereunder. (*Forbes* v. *Halsey*, 26 N. Y. 53; *Fleming* v. *People*, 27 N. Y. 329; *People* v. *Myce*, 3 N. Y. Cr. Rep. 50; *People* v. *Jefferson*, 3 N. Y. Cr. Rep. 573; *Baker* v. *Brintnall*, 52 Barb. 188; *Knapp* v. *O'Neill*, 46 Hun, 317; *Stover* v. *People*, 56 N. Y. 315; *U. S.* v. *Ross*, 92 U. S. 281; *Gallatian* v. *Cunningham*, 8 Cow. 361; *Terwilliger* v. *Brown*, 44 N. Y. 237.) Plaintiffs having proved themselves the children, heirs and devisees of Michael O'Donoghue, their ages bringing them within the Statute of Limitations, the death of their brother Joseph, the death of the life tenants, the value of the rents and profits and the will of their father Michael, were entitled to recover in this action under the pleadings unless defendant showed a good title against them. They had made out a *prima facie* case. (Sedg. & Wait on Title, § 803; Newell on Ejectment, 355, § 2; *Smith* v. *Lorillard*, 10 Johns. 347; *Clason* v. *Baldwin*, 13 N. Y. Supp. 681; *Wolf* v. *Baxter*, 86 Ga. 705; *Doherty* v. *Matsell*, 11 Civ. Pro. Rep. 392; *Stevens* v. *Hauser*, 39 N. Y. 302; *Battery* v. *R., W. & O. R. R. Co.*, 14 N. Y. S. R. 131; *Withrow* v. *Biggerstaff*, 82

N. C. 82 ; *Clason* v. *Rankin*, 1 Duer, 337 ; *Miller* v. *Myers*, 46 Cal. 535.)

*Aug. S. Hutchins* and *Charles E. Patterson* for purchaser, Volkenburg. If the construction given by the General Term to the provisions of the trust created by the will of Michael O'Donoghue be correct, then the provisions of the Revised Statutes prohibiting the tying up of property for more than two lives in being have been plainly violated. (*Robert* v. *Corning*, 89 N. Y. 235 ; *Lang* v. *Ropke*, 5 Sandf. 363 ; *Matter of Butterfield*, 133 N. Y. 473.) The court acquired jurisdiction of the infant defendants. (*Gotendorf* v. *Goldschmidt*, 83 N. Y. 110.)

O'BRIEN, J. This was an action of ejectment brought by the plaintiffs to recover three-sevenths of a farm consisting of about three hundred acres, which is particularly described in the complaint. It is conceded on all sides that the father of the plaintiffs, one Michael O'Donoghue, who died in the month of April, 1860, leaving a will with codicils which were subsequently admitted to probate, was seized and possessed of this farm in fee simple at the time of his death. Both the plaintiffs and the defendant claim under him. The plaintiffs claim title directly under the will of their father as devisees of the real estate in question. The defendant claims title through a sale in partition at the suit of another adult heir in the year 1870. The only question presented by the appeal is whether the plaintiffs' title, derived directly from their father's will, was divested by this sale. All questions with respect to mesne profits and all claims for improvements and the payment of taxes have been eliminated from the case by stipulation. There are no questions in the case as to superior equities, and no facts alleged or found that present any question except the plaintiffs' title. The defendant makes no claim to the premises in dispute, except such as he has derived through the judgment and sale in partition.

The allegations of the defendant's answer present the ques-

tions of law involved in this case quite distinctly. After setting forth the title of the ancestor, the execution and probate of his will, the commencement of an action of partition by an adult child against these plaintiffs, who were then infants, and their mother, who was their general guardian under the will, and their guardian *ad litem* in the partition action, it is averred that on the 25th of May, 1870, the referee appointed by the court conveyed the land to the plaintiffs' mother, then their guardian, as already stated. It is then alleged that " the mother, under and in pursuance of this conveyance, became and was the owner, and seized of the land described in the complaint, and that immediately thereafter she entered into the possession, under claim of title, exclusive of any other right, founding the claim upon a written instrument, to wit, the said referee's deed, before mentioned ; " that she continued to occupy and possess the premises under this conveyance until the 23d of August, 1880, when they were conveyed, upon a judgment of foreclosure of a mortgage, to one Harriet Boies, the defendant's grantor. It further appears from the answer that the plaintiffs' mother, who was the widow of the testator and the purchaser at the partition sale, in the month of April, 1876, mortgaged the farm to the said Harriet Boies ; that she made default in the payment of the mortgage ; that it was foreclosed, and the mortgagee became the purchaser of the land in controversy, which the latter subsequently conveyed to the defendant.

On the trial of the action before the court judgment was rendered in favor of the defendant. But this judgment has been reversed by the General Term upon an opinion which distinctly holds that the partition judgment and sale and conveyance of the land thereunder to the testator's widow, who was then the general guardian and guardian *ad litem* of the plaintiffs, were absolutely void.

In 1870, when the judgment in partition was rendered and the sale made, the following statutory provision in regard to the sale of the real estate of infants was in force : " But no real estate or term for years, shall be sold, leased or disposed

of in any manner against the provisions of any last will, or of any conveyance, by which such estate or term was devised or granted to such infant." (2 R. S. page 195, § 176.) This provision of law has long existed in this state and is now embodied in section 2357 of the Code which reads as follows: " Real property or an interest in real property, shall not be sold, leased, or mortgaged, as prescribed in this title, contrary to the provisions of a will, by which it was devised, or of a conveyance or other instrument, by which it was transferred, to the infant or incompetent person." The learned counsel for the plaintiffs contends that since the will of the plaintiffs' ancestor, under which they derive title, in terms forbade a sale of the land devised during the minority of his children, that the judgment and sale in the partition action was contrary to the provisions of the will and contrary to the statute, and, hence, without jurisdiction and absolutely void. This contention brings us to the examination of the provisions of the will under which all the parties claim title. It is apparent, from an examination of that instrument and the codicil, that the main purpose of the testator was to provide for the support of his children during their infancy and secure to each of them at majority his or her share of his lands in specie. He directs that his debts and funeral expenses be paid, gives several small legacies to relatives, an annuity to his wife in lieu of dower, and then leaves the balance of his estate in trust for the benefit of his children. This trust is created by the eighth clause of the will wherein the testator distinctly expresses his intention to convert all his property into personalty since he gives it all to his executors in trust to sell the real estate, receive the rents and profits thereof until the sale and to divide the property into eight parts, applying the income and profits of one of these parts to the use of each child during infancy and pay the principal to each at majority, with a gift over in case of death before majority. A power of sale is given to the executors and trustees. In the ninth clause the executors are authorized to keep the improvements on the real estate insured, and to preserve the

premises in good repair, and in case of loss or damage to apply any funds in their hands, as well as any insurance moneys, to rebuilding or repairing the same. He confers power upon them to mortgage the real estate or any part thereof, if necessary in their judgment from time to time, for the purpose of paying off any existing mortgage thereon or any assessment to be imposed on the same, and to execute and deliver any deeds and conveyances of the real estate, and to compound and adjust all claims or demands by or against the estate. This clause concludes with the following sentence : " I further authorize and empower my executors, whenever any of my children shall attain lawful age or die under lawful age, to make partition of my real estate, and to allot and set apart to such child so attaining lawful age, or to his or her descendants or surviving brothers and sisters, or their descendants, if such child die under lawful age, his or her equal share of my estate."

Thus far no prohibition can be found in the will against the sale of the real estate during the infancy of the children. But by a codicil the following restriction is imposed upon the executors in the following words : " Whereas, by my said will I have directed the sale of all my real estate in the city of New York. I now revoke said direction and authorize my executors to sell only my lands and premises known as number one hundred and twenty Broome street, front and rear, number ninety-one Cherry street, and number one hundred and ninety-nine Elm street — all in the city of New York — the proceeds of which sales shall be applied to the payment of mortgages on my other real estate. I do not intend by this change to alter the beneficial interest in said lands or the trusts and devises contained in the eighth clause of my said will, but design that the said lands not sold and the income thereof shall be held by my executors under the same trusts, provided in said clause in relation to the said lands in case of sale." There can be no room for construction with respect to the meaning of this provision. Not only was the power of sale conferred by the will expressly revoked, but

this revocation was accompanied by an express direction to the executors to sell only three specific pieces of real estate. The power to sell given to the executors by the will was general. It applied to all the real estate of the testator wherever situated, and although the provision in the codicil recites that he had directed in the will the sale of all the real estate in the city of New York, no such limitation is found in the will. The farm in question was situated in the country, but the revocation of the power of sale and the injunction against the sale applies to this piece of real estate, as well as to the bulk of his property which was situated in the city. I think it is impossible, upon any fair construction of language, to avoid the conclusion that the testator forbade the sale of his real estate during the infancy of his children, save only three parcels specifically designated. It must follow that the institution by the adult child, during the infancy of his brothers and sisters, of a partition action, followed by a judgment and sale, was a destruction of the trust and contrary to the express will of the testator.

The codicil by which the testator revoked the power of sale and provided that the real estate, with the exception of the three parcels mentioned, should not be sold during the existence of the trust, is the latest expression of the testator's intentions, and must be held to control any prior provision of the will. (*Van Nostrand* v. *Moore*, 52 N. Y. 20; *Pierpont* v. *Patrick*, 53 N. Y. 595; *Viele* v. *Keeler*, 129 N. Y. 198.) It is clear that the testator intended to withhold and has withheld from the executors and trustees the power to sell the land, and having organized the trust for a fixed period, it amounts to a direction that the realty shall be held for the beneficiaries and not its proceeds, and hence any sale by the trustees or by the courts must necessarily be in contravention of the trust, and, therefore, forbidden by the statute. The rights of infants are peculiarly objects of the watchful care and protection of the courts and they cannot permit a salutary provision of the statute, made especially to secure their interests, to be disregarded. The plain purpose of the enactment

was to make these trust estates and trust interests indestructible and absolutely inalienable during the existence of the trust, and if they could be rendered alienable by the order of the court, the whole scheme of the statute would be greatly impaired and its purpose thwarted.   These views have frequently found expression in this court in similar cases, and they are too firmly established to permit any exception or distinction that can be made in the case at bar to prevail. (*Forbes* v. *Halsey*, 26 N. Y. 53 ; *Douglas* v. *Cruger*, 80 id. 15 ; *In re Roe*, 119 id. 509.)   The wisdom and purpose of the testator in revoking the power of sale in the codicil is illustrated in the language of Judge FINCH in the case last cited : " The land will not run away or burn up or be stolen, and will be sure to await the infant when the period of possession arrives."   The will created a valid trust, under which each child, on the death of the testator, had a vested remainder in fee in his share, expectant upon the termination of the trust, and, subject to the execution of the trust, they held as tenants in common.   (*Stevenson* v. *Lesley*, 70 N. Y. 512 ; *Van Brunt* v. *Van Brunt*, 111 id. 178 ; *Vanderpoel* v. *Loew*, 112 id. 167.)   Upon the termination of the trust, title to his share vested in each child, without any conveyance by the trustees, and hence the plaintiffs, on attaining their majority, were, and now are, legally seized of the property.   (*Watkins* v. *Reynolds*, 123 N. Y. 211.)

That the partition action, judgment and sale were plainly in contravention of the provisions of the will creating the trust and of the statute, is a proposition that admits of no controversy.   (*Rogers* v. *Dill*, 6 Hill, 415.)   The learned counsel for the defendant does not seriously question this position, but attempts to meet the difficulty in another way.   His argument in substance is that, conceding all that has been said, or can be said, against the power to sell the real estate of infants contrary to the provisions of the will, yet the court has in fact decreed the sale, and hence must have decided in the partition action that such sale was not contrary to the provisions of the will or in contravention of the trust or the statute, and that

this decision and judgment cannot be attacked collaterally. But this contention obviously ignores the real nature of the question now under consideration. The former judgment is not pleaded as a bar to the present action or as conclusive evidence of any fact in issue, but as the authority for the sale and the foundation of the defendant's title. The question therefore, is not what has been decided by the court in which the sale was ordered, but what it had jurisdiction and power to do. When a party interposes the judgment of a court as the foundation of his title or claim, the want of jurisdiction in the court to render the judgment may always be set up against it when sought to be enforced, or when any benefit is claimed under it by the party in whose favor it was rendered, or by any one claiming under him. It is always open to the party against whom the judgment is offered to prove the want of jurisdiction in the court, even though such proof contradicts recitals in the record. In case of judgments recovered in the courts of other states which are to be given full faith and credit here under the Federal Constitution, the record may be impeached for want of jurisdiction, even by extrinsic evidence, and the same is true with respect to domestic judgments. Whenever, therefore, a judgment is interposed as a claim or the foundation of a title, the party against whom it is offered may show that it is void, and, therefore, that the supposed record is not in truth a record at all. No court or judicial officer can acquire jurisdiction by the mere assertion of it, or by erroneously alleging the existence of facts upon which jurisdiction depends. If the court had no jurisdiction, it had no power to make a record, and the supposed record is not in truth entitled to the character of a judgment. These propositions have been settled in this court once for all in the case of *Ferguson* v. *Crawford* (70 N. Y. 253). In the opinion by Judge RAPALLO, which covers the whole field of discussion, the positions stated are sustained by a weight of argument and a wealth of illustration which leaves nothing further to be said on the subject. The statement of Judge ANDREWS in the case of *Risley* v. *Phenix Bank* (83 N. Y. 337) may also be

referred to, where it is said : " But a court authorized by statute to entertain jurisdiction in a particular case only, if it undertakes to exercise the power and jurisdiction conferred in a case to which the statute has no application, acquires no jurisdiction, and its judgment is a nullity, and will so be treated when it comes in question, either directly or collaterally." These cases have been repeatedly approved and followed in this court as a correct expression of the law on the question of jurisdiction. (*Craig* v. *Town of Andes*, 93 N. Y. 405 ; *People ex rel. Frey* v. *Warden, etc.*, 100 id. 24 ; *C. C. Bank* v. *Parent*, 134 id. 530 ; *Smith* v. *Reid*, Id. 571 ; *Beardslee* v. *Dolge*, 143 id. 165 ; *Vilas* v. *P. & M. R. R. Co.*, 123 id. 455 ; *Bogart* v. *D., L. & W. R. R. Co.*, 145 id. 287 ; *People* v. *Gardner*, 144 id. 126 ; *Losey* v. *Stanley*, 147 id. 560 ; *Warren* v. *Union Bank*, 157 id. 259.)

The want of jurisdiction to render the particular judgment may always be asserted and raised directly or collaterally, either from an inspection of the record itself when offered in behalf of the party claiming under it, or upon extraneous proof, which is always admissible for that purpose. There is but one solitary exception to this rule, and that is in a case where jurisdiction depends on a fact that is litigated in a suit and is adjudged in favor of the party who avers jurisdiction. Then the question of jurisdiction is judicially decided, and the judgment record is conclusive on that question until set aside or reversed by a direct proceeding. (*Ferguson* v. *Crawford*, *supra*, p. 265.) The scope and nature of this exception to the general rule may be illustrated by a very familiar case. It is provided by statute that a judge shall not sit in a case if he is related to either of the parties within the sixth degree. (Code Civ. Pro. § 46; *People* v. *Connor*, 142 N. Y. 130.) If such relationship exists in fact the judge is incapable of acting as a member of the court. But whether the relationship exists involves an inquiry as to the facts, and if there is a conflict in the evidence relating to that question, the determination is of such a character that the question of jurisdiction cannot be raised collaterally, but the error in the judgment, if

any, must be corrected by direct review. In the case at bar, however, there was no question of fact by means of which the court in the partition action could have obtained jurisdiction. The will of the testator spoke for itself, and if the court decided that it permitted a sale of the realty, under the circumstances, it merely passed upon a question of law erroneously. While a court may acquire jurisdiction sufficient to exempt its judgment from collateral attack by deciding a disputed question of fact erroneously, it has never been held that it can acquire jurisdiction for any purpose by an error of law. It could not in this case have rendered a judgment on the ground that a sale of the land was permitted by the will, and if it did, the question of jurisdiction still remained open to be questioned in any future action, either directly or collaterally. If it were otherwise, it would follow that in every case where infants' real property has been sold under the direction of the court, whether with or without jurisdiction, it could be said that the court had decided in the particular action or proceeding that it had jurisdiction, and this decision would not be open to any collateral attack, but there are numerous decisions of this court that hold just the contrary. (*Ellwood* v. *Northrup*, 106 N. Y. 172; *In re Valentine*, 72 N. Y. 184; *Battell* v. *Torrey*, 65 id. 294; *Losey* v. *Stanley, supra; Warren* v. *Union Bank, supra.*) It is obvious that, under any other rule, a court could acquire jurisdiction of the person or the subject-matter by the mere assertion of it, or by an erroneous decision upon the law that it has it in any particular case. It seems to me, therefore, that we cannot avoid the conclusion that the judgment and sale in the partition action of the real estate in controversy were forbidden by the terms of the will and by the mandate of the statute; that the court could acquire no jurisdiction to direct the sale, and that the plaintiffs, deriving their title directly from the will, may assail this judgment and sale, either directly or collaterally, as void for want of jurisdiction. A court of equity has no inherent or original jurisdiction to direct the sale of the lands of infants. Its jurisdiction in that respect is derived wholly from the statute, and it

is elementary law that unless every substantial provision of the statute is observed and complied with the sale will be void. A sale made in violation of an express prohibition of the statute is certainly in no better position, when attacked in any form, than one which is made merely without observing some affirmative provision of the procedure enacted for the purpose of securing the rights of the infant.

But there is another question in the case which is equally fatal to the defendant's claim of title. It does not depend upon the jurisdiction of the court to render the judgment, but upon another statutory provision concerning judicial sales of the real estate of infants. We have seen that the mother of the plaintiffs, who was their general guardian as well as their guardian *ad litem* in the action, became the purchaser of this farm at the sale. At that time the following statutory provision was in force: "Nor shall any guardian of any infant party in such suit, purchase, or be interested in the purchase of, any lands, being the subject of such suit, except for the benefit of or in behalf of such infant; and all sales contrary to the provisions of this section shall be void." (2 R. S., p. 326, § 58.) That provision has since been somewhat enlarged and made still more stringent by section 1679 of the Code, which reads as follows: "A commissioner, or other officer, making a sale, as prescribed in this title, or guardian of an infant party to the action, shall not, nor shall any person, for his benefit, directly or indirectly, purchase, or be interested in the purchase of, any of the property sold; except that a guardian may, where he is lawfully authorized so to do, purchase for the benefit or in behalf of his ward. The violation of this section is a misdemeanor; and a purchase, made contrary to this section, is void." The statute is such a plain prohibition against the purchase by a guardian of the lands of his ward at a judicial sale that it is not open to construction. (*Forbes* v. *Halsey*, 26 N. Y. 53; *Terwilliger* v. *Brown*, 44 id. 237.) The learned counsel for the defendant attempts to avoid the effect of this statute by suggesting that the plaintiffs did not prove at the trial that the guardian did not make

the purchase for the infants' benefit. But it is obvious that this contention cannot prevail. The purchase by the guardian in her own name is presumed to be void, and to be rendered valid it must be shown to have been for the benefit of the infants. (*Fleming* v. *People,* 27 N. Y. 329.) The burden was on the defendant to show that the purchase was for the benefit of the infants, if such was the fact. (*Baker* v. *Brintnall,* 52 Barb. 188, 193 ; *Knapp* v. *O'Neill,* 46 Hun, 317.) The plaintiffs cannot be required to prove the purpose which was in the mind of the guardian when she took a conveyance of the lands to herself. But the defendant's answer, which has already been quoted, relieves the question from any doubt on this point. We have seen that he alleges a purchase by the guardian in her own name, followed by possession on her part under a claim of title exclusive of any other right. So that, upon the allegations of the defendant's answer, it is clear that there could not have been any purchase for the benefit of the infants. Unless the deed under which the guardian took title ran to her in her capacity as guardian, or unless there was some provision in the body of the conveyance showing that the purchase was for the benefit of the infants, it must be assumed that the title was taken by the guardian in her individual capacity.

It is suggested that the confirmation of the report of sale rendered the purchase valid. But an order of the court cannot validate what a statute expressly forbids, and so it has been held. (*Gallatian* v. *Cunningham,* 8 Cowen, 361 ; *Terwilliger* v. *Brown, supra.*) When the defendant purchased the land in controversy the judgment in the partition action and the conveyance to the guardian which followed were all matters of record. He is chargeable with notice of any defects in the sale, and cannot now assume the position of a *bona fide* purchaser without notice.

The plaintiffs, therefore, established their title to the premises described in the complaint. Since the defendant claimed absolute title to the whole of the premises and denied any right or title in the plaintiffs, it was not necessary for the lat-

ter to prove that they had been ousted as tenants in common. The defendant did not admit that they were co-owners, but denied it, and, therefore, proof of ouster was not necessary. But if it was necessary, it was furnished by the defendant's evidence that he claimed title in himself under a deed from a hostile source, which he set up in defense of the plaintiffs' contention. (*Siglar* v. *Van Riper*, 10 Wend. 414; *Clark* v. *Crego*, 47 Barb. 599.)

For these reasons I think the order must be affirmed.

Parker, Ch. J. Over a quarter of a century ago the lands, which are the subject of this action of ejectment, were sold in pursuance of a decree of sale in an action of partition, to which every person having an interest in the premises were parties. The premises were struck down on the sale to Ann O'Donoghue, the mother and guardian of certain infant defendants, and the sale being thereafter duly confirmed by an order of the court, a conveyance was executed and delivered to her on the 25th day of May, 1870. Six years later she executed a mortgage upon the premises to secure a loan of $1,500. The interest not being paid, the mortgage was foreclosed, and the mortgagee became the purchaser of the land at the foreclosure sale, and later conveyed the property to this defendant. The claim of the plaintiffs in this action is that their title was not divested by the sale made in pursuance of the judgment in the partition action, notwithstanding the statute declares that the effect of a final judgment in partition is binding and conclusive upon the plaintiff and upon each defendant upon whom the summons is served, and effectually bars each of those persons who is not a purchaser at the sale from all right, title and interest in the property sold. The claim put forward is that the judgment in the partition suit is wholly void for want of jurisdiction in the court to render it. It is not denied that the court had jurisdiction of the persons of the parties to the action, but it is said that there were undivided shares held in trust for these plaintiffs, who were then infants, and

that the sale of such property was contrary to the will, and, therefore, forbidden by statute; that the Supreme Court in assuming jurisdiction did that which it was forbidden by statute to do, and, therefore, its judgment was without jurisdiction and void. This presents a question which is entitled to careful consideration in this court, for it is of importance not only because of the large amount of property indirectly involved in this litigation, but also for the reason that it may constitute a precedent tending away from the permanency and security of titles. It is for such purpose, as well as "in the interest of the peace of society," that the courts have firmly established the rule that unless a judgment is void for want of jurisdiction, no errors in the proceedings, whatever their nature, can be considered when the judgment is brought into question collaterally.

There is a very decided difference of opinion whether it was the purpose of O'Donoghue, the plaintiffs' testator, to forbid the partition of the property, and it is argued with much force that if such was the intent of the will, and the court should so hold, then the provision in question is void because in contravention of the statute prohibiting alienation of estates for a longer period than two lives in being. The questions are fairly debatable, as is evidenced by the fact that the learned judge at Special Term reached the conclusion that " a fair interpretation of the will I think gives to the court the power to decree a sale of the property if partition cannot be so made as to give substantial right to all parties," while the learned justice, who wrote for the General Term, was equally positive that the purpose of the codicil was to prevent a sale of the lands, which by the will the executors had been authorized to make. But it is not my purpose to discuss the provisions of the will, for I prefer to rest my vote upon the broader ground that the court granting the judgment in partition had jurisdiction of the parties and of the subject-matter, and, hence, its judgment cannot be attacked in this collateral action.

It is an interesting feature of this controversy that the ques-

tion whether the will forbade a sale of this property has been the subject of much debate heretofore, and the occasion of a contrariety of opinion by the courts, and it suggests, to say the least, that the court before whom the partition action came and who rendered the judgment, might well have been of the same opinion as the learned justice who delivered the opinion of the Special Term on this trial, and presumably he was, otherwise a sale of the premises would not have been decreed. It appears that an attorney appeared for the guardian *ad litem* and the infants in the partition action and interposed the usual answer, submitting their rights and interests to the protection of the court. Suppose that in addition he had alleged in his answer that the will forbade the sale of the real estate until the infants should have reached their majorities, and that, therefore, under the statute forbidding a sale of property contrary to the provisions of a will, the complaint should be dismissed, and assume that the issues thus presented by the pleadings, upon coming on for trial, had been decided in favor of the plaintiff, and a sale of the premises adjudged, would it be argued by any one that such a judgment could be held to be void in a collateral proceeding? That a court having general jurisdiction of the subject of partition of lands, which requires it, among other things, to determine in each action whether a plaintiff has such an interest as entitles him to maintain partition, exceeds its jurisdiction if it erroneously decides that he has? That if, as is claimed in this case, the plaintiff prayed for and was entitled to actual partition, but not to a sale of the infant's share in the premises, a decision by the court holding that partition could not advantageously be had and decreeing a sale of the premises, would be an act wholly without jurisdiction and void? And that the parties to the action would have any other remedy than by direct review? Well, it happens that the guardian *ad litem* did not tender to the plaintiff the issue which might have been tendered, so there was no contest. But the question was necessarily before the court for decision because the will and the codicil were before it, and before deciding that partition

should be decreed it had unavoidably to decide that that instrument did not prevent it. The complaint alleged its purpose, which was either to partition, or, in the event that partition could not be had, to sell the lands that were described in the complaint, and a copy of the will and codicil as the source of title was also given. The opportunity, and the duty as well, was, therefore, presented to the court to decide every question involved, and presumably that duty was performed. All the parties were before the court, and the infants were represented in the manner provided by statute, and if the question was not contested, it could have been, and the parties are firmly bound as to every matter that could have been tried or decided as an incident to or essentially connected with the subject-matter of the litigation within the purview of the partition action. (*Jordan* v. *Van Epps*, 85 N. Y. 427.)

Our attention is called to a number of authorities asserting the proposition, which of course is not in controversy at all, that a judgment rendered without jurisdiction is void, but we have not been invited to examine any case in this state holding that in an action of partition the Supreme Court has not the power to determine whether the partition or sale of the premises involved in the action is in violation of the provisions of a will, and if the determination be that it is not and a sale be decreed, that such judgment is wholly void, and may be so declared in another action. We shall presently show that the authorities are distinctly and positively the other way. In this connection attention is called to the case of *Bolton* v. *Schriever* (135 N. Y. 65) as one of the more recent cases showing the settled policy of the courts. The opinion was written by Judge, now Mr. Justice PECKHAM, all of the court concurring, except GRAY, J., taking no part. That, too, was an action of ejectment, and through it the plaintiff attempted to attack a decree of the Surrogate's Court admitting a will to probate upon the ground that the testator was not an inhabitant of the surrogate's county at the time of his death, and, therefore, the surrogate was without jurisdiction to probate the will, and his decree was void. Later on I shall attempt

to show that the court had jurisdiction of the subject-matter in the partition action, whatever may have been the character of the provisions of the will; but, if it be assumed that the will presented a question of jurisdiction, then we have the same question up that there was in *Bolton's* case. It was decided in that case that the surrogate was bound to inquire and decide whether the testator was an inhabitant of the county at the time of his death, and if that officer decided that he was, upon evidence legally tending to support the decision, the decision cannot, in the absence of fraud or collusion, be questioned collaterally. In that case, as in this, there was no contest, the infants appearing by guardian; but the court held that the decree was in effect a decision that the defendant was, at the time of his death, an inhabitant of the said county, and that this could not be questioned in an action of ejectment brought by the heirs. It was also held that if there was no evidence on the subject of inhabitancy except the sworn allegation in the petition, the surrogate could have relied on the fact so stated, and his decision would be regarded as conclusive, subject only to attack in a direct proceeding to review it.

The fundamental error of the judgment before us lies in the assumption that the court did not have jurisdiction of the subject-matter. The subject-matter was partition of real estate. The specific question involved was whether there should be partition or sale of the lands described in the complaint. Whether the plaintiff was entitled to partition or sale, or should have his complaint dismissed, depended upon the evidence presented, an important part of which was the will and the codicil. Thus was presented one merely of the many important questions that the Supreme Court is required to pass upon under the legislative grant of power touching the partition or sale of lands, by which full and complete authority over the general subject is conferred upon the court, a grant of power that carries with it full authority to consider and pass upon all questions necessary to the due execution of the power conferred. Jurisdiction of the subject-matter is power

lawfully conferred to adjudge concerning the general question involved; to act upon the general abstract question, and to decide whether particular facts call for the exercise of the abstract power; but it does not depend upon the ultimate existence of a good cause of action in the particular case. (*Hunt* v. *Hunt*, 72 N. Y. 217; *Bergman* v. *Wolff*, 33 N. Y. S. R. 499; *Lange* v. *Benedict*, 73 N. Y. 12; *Jordan* v. *Van Epps*, 85 N. Y. 436.)

This action was begun many years after the decision of this court in *Blakeley* v. *Calder* (15 N. Y. 617), in which case the purchaser at a partition sale declined to complete his purchase on the ground that the plaintiff was neither in possession nor entitled to the immediate possession, and consequently the court had no jurisdiction to entertain the action. But it was held that whether the plaintiff was entitled or not, yet the court having general jurisdiction of the subject-matter and jurisdiction of the parties in interest, they were concluded by the judgment, and the purchaser at the sale under it derived a perfect title. The court said in part : " The Supreme Court is one of general jurisdiction in law and equity, and has jurisdiction of all actions for partition. When this case was presented, it was its province to decide whether it was a proper one in which to award a partition or a sale, and if its decision was erroneous, the remedy was by appeal. As no one but the parties to the action can call in question the purchaser's title, and as they are bound by the judgment, there is no reason why the sale should not be consummated." That decision is precisely in point, is well founded in principle, is unchallenged by any later decision of this court, and should be accepted in the disposition of the question we are now considering as a controlling authority upon the point it decided, as it has been in the following cases: *Clemens* v. *Clemens* (37 N. Y. 59–72; *Howell* v. *Mills* (56 N. Y. 226–229); *Sullivan* v. *Sullivan* (66 N. Y. 37); *Brevoort* v. *Brevoort* (70 N. Y. 136); *Jordan* v. *Van Epps* (85 N. Y. 427–436); *Cromwell* v. *Hull* (97 N. Y. 209); *Woodhull* v. *Little* (102 N. Y. 165).

An examination of these cases will show that this court has

always agreed fully with the decision in *Blakeley* v. *Calder*
(*supra*), and that it has never doubted that the subject-matter,
of which the courts must have jurisdiction as well as of the
parties in order to decree a sale or partition, is the partition
of real estate.   *Howell* v. *Mills* (*supra*) was an action of parti-
tion.   The jurisdiction of the court to entertain the proceed-
ings was the only question considered in this court.   Chief
Judge CHURCH, writing in behalf of a unanimous court, said
denial of jurisdiction " is predicated upon the ground that the
petition does not show that the plaintiff was entitled to bring
the action, or that the facts stated in the petition brought the
case within the statute authorizing the court to entertain an
action for partition.   *   *   *   Whether the Supreme Court
erred or not, we think the unanimous decision of this court, in
*Blakeley* v. *Calder* (15 N. Y. 617), is decisive upon the ques-
tion of jurisdiction.   The precise question involved here was
involved in that case ; and we should hesitate about disturbing
the decision, if we doubted its correctness, but it is proper to
say that we approve of it.   The Supreme Court possesses gen-
eral jurisdiction in law and equity, and exercised jurisdiction
in law prior to the statute.   (47 N. Y. 21.)   The proceedings,
it is true, must be regulated by statute, but it is competent
for the court to determine when the statute has been com-
plied with.   In this case the court acquired jurisdiction of
the parties; and it had jurisdiction of the subject-matter.
If it erred, the error could only be reviewed by excep-
tions properly taken."   Some confusion in the considera-
tion this question has received has no doubt arisen from an
ill-founded impression that the action of partition stands on
substantially the same footing as special statutory proceedings,
such, for instance, as are provided for the mortgaging or sale
of infants' lands.   Cases of that character have been cited, as
if in point, such as *Rogers* v. *Dill* (6 Hill, 416); *Losey* v.
*Stanley* (147 N. Y. 560), and *Warren* v. *Union Bank* (157
N. Y. 259).   In such proceeding, as the court said in *War-*
*ren's* case, the requirements of the statute must be strictly fol-
lowed, and unless this be done the court is without jurisdic-

tion, and the orders made by it are void.   And in *Losey's* case, in which a collateral attack was successfully waged against an order mortgaging the real estate of infants, Chief Judge ANDREWS, after asserting that a proceeding to mortgage or direct the sale of infants' real estate is purely statutory, and that a court of equity has no such inherent power to accomplish such a result, apparently to prevent possible misapprehension as to the language employed, called attention anew to the distinction that may be found running throughout the books.   He said : " The question of the inherent power of a court of equity to order a sale of an infant's real property, upon the theory of a supposed benefit to him, is quite distinct from its acknowledged power in the enforcement and protection of trusts and from the power of courts in the exercise of their ordinary jurisdiction to establish or enforce rights of property between parties to a litigation, whether infants or adults."

For these reasons I am unable to agree with the conclusion reached by Judge O'BRIEN, that the judgment in the partition action was rendered by a court without jurisdiction, and, therefore, void, but concur in the result on the ground that the conveyance to the guardian was in contravention of the statute, and void.

All concur in the second ground of opinion of O'BRIEN, J. As to the first ground GRAY and BARTLETT, JJ., concur, while HAIGHT and MARTIN, JJ., concur with PARKER, Ch. J., VANN, J., not voting on that ground.

Order affirmed and judgment absolute ordered for plaintiffs on the stipulation, with costs.