Johk F. Doyle, S.
Two proceedings have been instituted to declare null and void letters of administration issued to Emma S. Kassebohm on the 26th day of January, 1952. Mrs. Kassebohm is the widow of the decedent and in her petition it was set forth that decedent, William Kassebohm, died at Albany and at the time of death was a resident of Saratoga County. Kassebohm, for many years, resided in Saratoga County but some months prior to his death he had sold his real property in Saratoga County and had gone to Florida where he lived in a trailer. He was returning to Saratoga County when he suddenly died at Albany.
There was no proof before the court on the application for letters other than the petition and none was required. (O'Donoghue v. Boies, 159 N. Y. 87, 107.) Petitioner proceeded on the theory that decedent died a resident of Saratoga County. Even though he had been in Florida for several months, he did not necessarily acquire a residence there. A mere change of residence though long continued, does not necessarily effect a change of domicile. (Matter of Newcomb, 192 N. Y. 238.) There must be both a change of residence and an intention to make the change permanent (Matter of Greene, 186 App. Div. 903). In the absence of proof of such a change it is the domicile of origin that governs. This domicile of origin is presumed to continue until a new one is acquired. (Webster v. Kellogg Co., 168 App. Div. 443.) On the application for letters there was an absence of proof to indicate a change of intention. Under such conditions it may not be said that the letters issued to Emma S. Kassebohm were obtained through fraud inasmuch as the court was clothed with power to entertain1 the application and once having done so and acted on the facts s et forth therein the court’s determination was valid and binding' on all parties to the proceeding. (O'Donoghue v. Boies, supra; Bolton v. Schriever, 135 N. Y. 65.)
*54 While Jennings was not a party to the original application he was the respondent in a discovery proceeding instituted by the administratrix and in that proceeding this court decided that there was insufficient evidence to sustain petitioner’s claim and dismissed the proceeding. However, the Appellate Division reversed this court and determined the matter in administratrix’ favor (286 App. Div. 932). Thereafter on appeal to the Court of Appeals that court referred the matter back to the Appellate Division where its prior decision was upheld. On a second appeal to the Court of Appeals the judgment of the Appellate Division was affirmed (2 N Y 2d 153; 4 A D 2d 804; 4 N Y 2d 941).
Jennings then brought these proceedings, one an attack on the decree awarding letters of administration, and the second, an attack on the final judgment or decree in the discovery proceeding. In each proceeding it is claimed that at the date of death decedent was a resident of Florida, not Saratoga County, and that the letters of administration issued to administratrix were null and void for lack of jurisdiction and that the final decree in favor of the administratrix and against Jennings in the discovery proceeding was also null and void as this court was without jurisdiction to hear the matter or render a decision herein. By these proceedings this court is asked to set aside, for lack of jurisdiction, all proceedings in the Surrogate’s Court of Saratoga County and thereby return the parties to their status prior to the granting of letters of administration in this estate.
In the discovery proceeding, the petition and the answer thereto put in issue the question of decedent’s residence. On the trial there was some proof in regard to same and while it was meager and the issue was not seriously controverted, this court in deciding the matter, by implication if not directly, held that it was clothed with jurisdiction and in so doing it of necessity determined the issue of residence favorably to the administratrix. A holding based on intestate’s nonresidence would have required a dismissal of the proceeding for lack of jurisdiction and revocation of the administratrix’ letters. Whether the court’s decision on the question of jurisdiction was erroneous is inconsequential and it became conclusive until reversed or modified. There was no contrary finding on appeal and the judgment is therefor final and binding in all respects on the parties to the proceeding. (Surrogate’s Ct. Act, § 40; Bolton v. Schriever, supra; O'Donoghue v. Boies, supra.)
There is no claim in this proceeding that the evidence on which this application is based is newly discovered evidence. *55 Jennings obviously elected to stand by in the discovery proceeding without availing himself of what may have been a defense, namely lack of jurisdiction of this court. Having done so and this court having decided the issue, he is barred from raising it in this proceeding or in any earlier proceeding to which he may or may not have been a party.
Where questions might have been contested but were not, all of the parties before the court are firmly bound as to the matter.
The proceedings are dismissed and a decree may be entered accordingly.