OPINION OF THE COURT
Seymour Schwartz, J.
Plaintiff sues for $877.98 for conversion and $10,000 for punitive damages. Defendant’s defense of improper service has been waived.
The events giving rise to this lawsuit are unusual. Defendant herein brought an action in Small Claims Court (SCM 1957/78) against a Tony Rudenjak for rent owed and damage to an apartment. There was a default and an inquest taken in April, 1978 before an arbitrator. At the inquest after taking testimony regarding the alleged relationship between Tony Rudenjak and Rudenjak Overseas Travel Co., Inc., plaintiff herein, and reviewing a check marked "rent” for $620 drawn by Rudenjak Overseas Travel Co., Inc., on which there was a "payment stopped”, the arbitrator added Rudenjak Overseas *902 Travel Co., Inc., as a defendant and judgment was entered against both.* The corporation brought on an order to show cause to vacate the judgment on the grounds of lack of jurisdiction but the motion was denied. A notice of appeal was filed from the denial but the appeal has not been perfected. The judgment was collected through a Marshal from the assets of Rudenjak Overseas Travel Co., Inc. Thereafter plaintiff instituted the within action.
Plaintiff alleges lack of jurisdiction over it in the small claims action resulting in its right to recover the funds unlawfully converted by defendant herein. Defendant contends that the issue of jurisdiction has been determined, is res judicata and that plaintiff’s remedy is to appeal from the denial of its motion to vacate.
The issue of jurisdiction as with any other litigated issue, is subject to the shield of res judicata. However, that shield may be raised only when the determination of jurisdiction depends on a fact actually litigated in the suit. If the court’s determination of jurisdiction is merely a legal conclusion, the claim of lack of jurisdiction to render the particular judgment may always be asserted and raised directly or collaterally. (Friedman v State of New York, 24 NY2d 528.) The reason for the rule was succinctly stated in O’Donoghue v Boies (159 NY 87, 100): "It is obvious that, under any other rule, a court could acquire jurisdiction of the person or the subject-matter by the mere assertion of it, or by an erroneous decision upon the law that it has it in any particular case.”
Here plaintiff was not served in the small claims action nor did it appear. It was not present at the inquest and the very choice to go to an arbitrator where no transcript is made and whose decision is not afforded the protection of appeal, rather than the Judge whose decision may be appealed, was made unilaterally by defendant. There are no cognizable facts which legally support the conclusion that the Small Claims Court had jurisdiction over this unnamed, unserved corporation; there scarcely could be in the absence of the corporation to litigate that discrete issue. At best the claim of jurisdiction is a mere legal conclusion subject to collateral attack here.
Since there was no jurisdiction over the corporation in the *903 small claims action, plaintiff may recover here for the sum converted. There being no showing of fraud or loss of reputation as alleged by plaintiff, it has not demonstrated a right to punitive damages.
Judgment for plaintiff for $877.98.

 The court is informed by Chief Law Assistant Richard Lee Price that although an official directive (No. 467) prohibiting arbitrators from effecting any changes to the small claims card was not issued until April, 1979, all arbitrators had been cautioned verbally against such changes for many years.