performance rested with him. The judgment should be affirmed, with costs to the respondent.

Judgment affirmed, with costs. All concur.

---

(75 App. Div. 486.)

In re ASCH et al.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. CONTINGENT REMAINDERS—JUDICIAL SALE.

The fact that the interests of infant devisees under a will amount to contingent remainders in fee does not prevent the court from ordering a sale of such interests when advisable.

2. WILLS—CONSTRUCTION—TRUST ESTATES—ALIENATION.

A will devised property to testator's widow for life, and after her death in trust for the benefit of testator's children then living, and to be divided in equal shares amongst them on their reaching majority. Code Civ. Proc. § 2357, provides that the realty of an infant shall not be sold contrary to the provisions of a will by which it was devised. *Held* that, as a trust estate may in a proper case be sold by. order of court, the direction in the will that the property should be held in trust could not be construed as impliedly prohibiting its sale, so as to make a judicial sale of the interests of the infant remaindermen unlawful, under section 2357.

3. SAME—STATUTORY AUTHORITY.

Under the direct provisions of the statute of uses and trusts (Laws 1896, c. 547, § 85), a trust estate in an undivided part of real property may be sold by order of court when for the best interest of the estate.

4. SAME—CONTINGENT TRUST ESTATE.

Testator devised realty to his wife for life, remainder to trustees in trust for testator's children surviving at the wife's death, during their minority. The property was sold by order of court during the widow's life and the minority of some of the children. *Held,* that the conveyance of the wife's life estate and the interests of the infant and other remaindermen conferred a fee-simple title without a conveyance of the trust estate by the trustees, though that estate was contingent, and there was no such estate in fact at the time of the conveyance.

5. SAME.

That the trust estate was contingent was no objection to its sale under the statute of uses and trusts (Laws 1896, c. 547, § 85), authorizing the sale of trust estates.

6. SAME—FAILURE OF TRUST ESTATE.

If all testator's children should die before the widow, the conveyance would still carry a perfect title, since in that event there would be intestacy as to the remainders, and the children would take as heirs at law, so that their interests and those of their possible unborn heirs would pass.

7. SAME—STATUTES—EFFECT.

Laws 1897, c. 136, amending Real Property Law, § 87, and prescribing procedure for the sale of trust estates by order of court, has no application to cases arising prior to its enactment.

Appeal from special term, New York county.

Application by Sarah Asch and others for an order directing the sale of certain realty devised by the will of applicant's husband. From an order denying the motion of John J. Danahar as purchaser of the property to be relieved from the purchase, movant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Geo. B. Coney, for appellant.
Benjamin N. Cardozo, ior respondent.

PATTERSON, J. John J. Danahar, the appellant, a purchaser at a judicial sale of real estate, applied to the court to be relieved from his purchase, alleging that there could not be conveyed to him a good title to the premises purchased, for the reason that the proceeding in which the sale was ordered was ineffectual to transfer such a title, and that the court had no power to dispose of the interests in the land as those interests existed when the proceeding was begun and when the order directing the sale was entered. That proceeding was a joint application of trustees under a will and of the guardian of infant remaindermen for the sale of a piece of real estate situate in the city of New York, and known as 308 West Fifty-Sixth street. The property belonged to Simon A. Asch, who died seised of it, and left a last will and testament, which was duly admitted to probate, and which contained the following clause:

"To my dear wife, Sarah, daughter of Emanuel Stern, during her lifetime, the house No. 308 West 56th street, in which we are at present living, together with the income from my half share in the houses 230, 232, 320, 322, 324, 326, 328, 330 East 72nd street, and No. 329 West 48th street, and 434 West 27th street. This income to be paid to her in installments, at least once every three months, or oftener, if convenient. At her death the whole of the above-named property to be kept in trust for our children then living, and to be divided in equal shares amongst them on their reaching their twenty-first birthday."

That clause of the will was the subject of judicial construction in a properly constituted action to which all persons then in interest were made parties, and the decree therein adjudged the rights of those parties in and to the premises. It was determined that Sarah Asch, the widow of the testator, had a vested life estate in the premises 308 West Fifty-Sixth street; that on her death the trustees would hold the premises upon several distinct trusts for the benefit of those children of the testator who survived their mother; that on the termination of the minority of any child or upon the death of any child during minority, the trust for that child would absolutely cease and determine, and that each of the children of the testator who may be living at the death of the mother would take a vested estate in remainder, expectant upon the termination of the trust at majority; that, in the event of the death of any child before attaining majority, the share or portion held for the benefit of such child would be freed from the trust, and the same would pass absolutely to his or her heirs or devisees; and, further, that the trusts and remainders limited thereon did not cause an unlawful suspension of the power of alienation, and that the same were in all respects valid and effectual. This decree settled the rights of all the parties, with the exception that it was not expressly determined who would be entitled to the property in case of the death of all the children before their mother, in which event the trust estate would not arise.

The application for the sale of the land, so far as the trust interest was concerned, was made under sections 85 and 87 of the real property law, and of the legal estates in remainder under the provisions of sec-

tion 2348 of the Code of Civil Procedure. We do not understand that objection is taken to the form in which the applications were made, namely, the combination of the two in one proceeding. Nor do we understand that the appellant now contends that a proper case was not made for a sale of the real estate. The order confirming the sale recites that the appellant stipulated that no question would be raised by him as to the sufficiency of the grounds stated in the papers to justify the court in finding that the interests of the parties will be promoted by a sale, and we do not understand that that recital is questioned or the stipulation repudiated. In any event, that matter was inquired into in the proceeding at special term, and it was there shown that "peculiar reasons" or "peculiar circumstances" existed which were sufficient to authorize a sale of the infants' interests under subdivision 2 of section 2348 of the Code of Civil Procedure. In the proceeding an order was entered appointing a referee to report the facts, and he reported that "the facts as set forth in the petition" were true, and that the interests of the infants and the trust estate would be promoted by a sale of the property for the sum of $18,000, after which an order was entered confirming the referee's report, and directing that the premises be sold, including the estates both of the trustees and of the infants, and authorizing a special guardian of the infants to contract for a sale of the premises for a sum not less than $18,000. The order also contained a provision that the guardian report under oath the terms and conditions made by him for the sale of the premises, and that, if required by the purchaser, Sarah Asch, individually and as executrix and trustee, and Edward Isaacs, as executor and trustee, should join with the special guardian in a deed of the premises. That order was entered on the 26th of March, 1897. In January, 1902, the special guardian reported to the court that a contract had been made by him with Danahar for a sale of the premises for the sum of $18,250. That agreement or contract of sale was made between Sarah Asch, individually and as trustee under the last will and testament of Simon A. Asch, deceased, Edward Isaacs, as trustee under said last will and testament, Edgar Asch, individually (he being one of the children of the testator who had attained his majority at the time the contract was made and as to whom the trust had terminated), Herman A. Hyde, as guardian ad litem for four infant children of the testator, and Danahar. By this agreement Danahar contracted to buy, not only the estate of the trustees and the remainders of the children, but also the life estate of Sarah Asch and the vested remainder of Edgar Asch. The contract is for the purchase of the premises 308 West Fifty-Sixth street, subject to its confirmation and approval by the supreme court. Danahar agreed to purchase the whole premises at the consideration of $18,250, to be paid in a certain way, and the parties of the first part, at their own proper cost and expense, agreed to execute, acknowledge, and deliver to Danahar or his assigns a proper deed for conveying and assuring to him or them the fee simple of the said premises free from all incumbrances.

It is evident from this contract of sale that Danahar, the purchaser, expected and was entitled to acquire the fee of the premises,—that is, the whole estate,—and that was the contract approved by the court.

He was to acquire the life estate of the widow, and the vested remainder in fee of Edgar, the adult child, by contract with them, and the trust estate and the legal interests in remainder of the infant children, through the action of the court, to be evidenced by its order confirming the contract. Such an order was duly made on the 28th of January, 1902. It recites that a sale of the premises had been directed by the court subject to its approval; that it had been made to appear that a contract had been entered into, and that the interests of the trust estate and the interests of the infants would be substantially promoted by such sale "for divers peculiar reasons and by virtue of divers peculiar circumstances"; and then proceeds to direct that such contract for the sale of the property 308 West Fifty-Sixth street to the said John J. Danahar for the sum of $18,250 "be, and the same hereby is, ratified and approved."

In attempted performance of the contract, a deed was tendered to the purchaser by which Sarah Asch, individually and as trustee under the last will and testament of Simon A. Asch, deceased, Edward A. Isaacs, trustee under the last will and testament of Simon A. Asch, deceased, Edgar Asch, individually, and Herman A. Hyde, as guardian of the four infant children, conveyed to the purchaser, Danahar, the premises in question. No objection seems to be taken to the form of this deed or to its provisions or its covenants.

It must be borne in mind that the case presented here is not that of a casual purchaser of real property at a public judicial sale, but that of a person seeking to be relieved from a specific contract deliberately made under his hand and seal, the terms and conditions of which are all definitely stated in that contract. Under its terms, as we have seen, the plaintiff was entitled to a conveyance which would vest in him the whole fee. That fee consists of the combined life estate, trust estate (whatever it may be), and the legal interests in remainder. The appellant elected to have the life tenant join in the conveyance by purchasing that life interest under the contract. He also agreed to take the vested interests in remainder of the adult child of the testator. The question then remains as to whether he would acquire under that deed the trust estate and the infants' legal estates in remainder. That such infants' legal estates are contingent remainders in fee does not prevent the court exercising its jurisdiction to direct a sale of such interests. Dodge v. Stevens, 105 N. Y. 585, 12 N. E. 759.

It is contended, however, that a sale of the infants' interests was prohibited by section 2357 of the Code of Civil Procedure, which provides that the real property of an infant, lunatic, idiot, or habitual drunkard "shall not be sold, leased or mortgaged as prescribed in this title, contrary to the provisions of a will by which it was devised or of a conveyance or other instrument by which it was transferred to an infant or incompetent person." It is further contended that the property could not be sold because of the inalienable character of the trust estate. The provision of the testator's will does not expressly prohibit the sale of the premises in question here, nor are we able to see that a present sale of the property would defeat the testator's design. The direction that after the death of the widow the real estate shall be kept "in trust for the benefit of our children then living" is to be

construed as meaning that it shall be held in trust. We do not find in the clause of the will under consideration any fair implication that a sale of the property would be contrary to the provisions of the will. The only implication of a prohibition of a sale of the infants' interests that can be drawn must be from the interposition of a trust estate during their minority. But a trust estate (in a proper case) may also be sold by direction of the court, and where that may be done it cannot be said that the existence of the trust gives rise to an implication drawn from a will that a sale of the property is prohibited by the will. If there had been a sale of the trust estate separately, made under direction of the court, as is permitted by statute, could it be said in a subsequent separate proceeding under the Code for a sale of the infants' remainders that such a sale would be in violation of a prohibition contained in the will? Here the sales of the trust estate and of the interests in remainder are concurrent, but that does not essentially change the situation.

We do not agree with the court at special term that the trust estate could not be presently sold for a reason which will be hereinafter adverted to. While a voluntary sale of that trust estate would not be permitted, the statute of uses and trusts now authorizes it to be sold in a proper case. O'Donoghue v. Boies, 159 N. Y. 87, 53 N. E. 537, is cited in support of the proposition that a sale ordered by the court of real property in contravention of a trust is forbidden by the statute and void. In that case, we are referred to the words of Judge O'Brien in the opinion of the court that "the plain purpose of the enactment was to make these trust estates and trust interests indestructible and absolutely inalienable during the existence of the trust, and, if they could be rendered alienable by the order of the court, the whole scheme of the statute would be greatly impaired and its purpose thwarted." But an examination of that case will show that there was an express prohibition upon a sale during the continuance of the trust, and the sale was made in 1870, long before the statute of uses and trusts was so amended as to permit the sale of trust estates by order of the court. In the statute of uses and trusts, as it now reads (Laws 1896, c. 547, § 85), it is provided that, "if the trust is expressed in the instrument creating the estate, every sale, conveyance or other act of the trustee in contravention of the trust, except as provided in this section, shall be absolutely void. The supreme court may by order, on such terms and conditions as seem just and proper, authorize any such trustee to mortgage or sell such real property or any part thereof, whenever it appears to the satisfaction of the court that it is for the best interest of such estate or that it is necessary and for the benefit of the estate to raise funds for the purpose of preserving and improving it, and whenever the interest of the trust estate in any real property is an undivided part or share thereof, the same may be sold, if it shall appear to the court to be for the best interest of such estate." That provision is substantially the same as the amendment of 1886 of section 65 of the statute of uses and trusts, under the Revised Statutes (Laws 1886, c. 257), except that part relating to sale, where the trust is of an undivided part or share of real estate.

The authority to direct the sale of the trust estate is to be looked for

and is found in the statute, and the authority conferred is abundant, the reason assigned for ordering such sale in this case being sufficient, and, as was said before, not open to contest on this appeal. Here the trust estate consists or will consist of an undivided part of the real estate, for it never can attach to the interest of Edgar Asch.

It is contended that the trust estate could not be sold, because there is no trust estate in fact, and therefore nothing to sell. The learned justice at special term took that view, and remarked in his opinion that, inasmuch as no estate can vest in the trustees until the death of the widow, and even then only in the event of such death during the minority of some of the children, there was no present estate in the trustees, and nothing which may be made the subject of a sale by them, and therefore he concluded that a sale of the infants' property was in no way dependent upon getting in a trustee's title, and that a conveyance of the remainders of the children and of the life estate of the widow and of the interest of Edgar Asch would be sufficient to confer upon the purchaser full title. But the trust provision in the testator's will cannot thus be summarily disposed of. While there is no present right of possession in the trustees, and the trust estate is future and contingent, nevertheless there does exist such an interest in the trustees as would incumber the purchaser's title, unless that interest were lawfully extinguished or transferred to the proceeds of a sale of the land.

We do not think the nature and character of the trustees' interest is such that it was incapable of being sold by order of the court. Contingent future estates in land are vendible and alienable. It is no objection to their sale that they may never vest in possession. There is no limitation contained in the statute upon the power of the court to direct a sale of such a trust interest. The power is conferred when its exercise is necessary to the protection or for the best interests of the estate. Here the proceeds of sale would stand in the place of the real estate, and the trust would be transferred and attach to those proceeds. Upon the death of the widow, infant children of the testator surviving her, the trustees' right would instantly attach to the fund representing these infants' interests.

The appellant has not called our attention, either upon the oral argument or upon his brief, to any other objection affecting the substantial questions arising under the will of Mr. Asch; but it may be well to state that we have not failed to consider what would be the effect upon the title if any child of the testator should die before the life tenant. By the provision of the will, it is only those children who shall be living at the time of the death of the life tenant who take in remainder. The interest of a child dying during minority and before the mother would pass to the other children. All the children are parties to the proceeding, and every interest they can have would be acquired by the purchaser; but, if all the children should die before their mother, still their interest would pass to the purchaser, for in that event there would be intestacy as to the remainders, and the children would take as heirs at law. As we have remarked before, that is unprovided for in the will. If it happens, a contingent estate would pass to the heirs at law as of the time of the testator's death.

We agree with the learned counsel for the respondent that it is not an objection that their estate as such heirs could never vest in possession, but depends for its actual enjoyment upon their own death before the life tenant.   Nor is it an objection that the same persons who would take as heirs at law are given another interest under the will.   Authority for that proposition is found in Doane v. Trust Co., 160 N. Y. 494, 55 N. E. 296, and the cases there cited.   Nor is it an objection that unborn grandchildren of the testator might hereafter become interested in the property.   The rights of unborn children are represented by the persons from whom they would take by descent, such persons being parties to this proceeding.   Kent v. Church of St. Michael, 136 N. Y. 10, 32 N. E. 704, 18 L. R. A. 331, 32 Am. St. Rep. 693, and cases cited.   The interests of all who are or may become entitled to any of the proceeds of sale are protected by the provision of the order directing a conveyance which requires that the special guardian report under oath to the court the disposition and investment of the proceeds, and that annual accounts be rendered thereafter by him of the distribution and investment of such proceeds which remain in his hands, until the termination of the life estate and the trusts.

The claim that there are defects in the procedure which tend to invalidate it is not sustainable.   It is said that the trustees were not required by the order of the court to execute the deed, but, as we have stated, the purchaser by his own contract disposed of that matter. The order directed that, if the purchaser required the trustees to execute the deed, they should do so, and he did so require.   Nor was it necessary for the trustees to report the sale to the court under oath. That requirement is contained in the amendment of section 87 of the real property law by the statute of 1897 (chapter 136), and we do not think it applied to this proceeding, which was instituted before that amendment was passed.   It appears, however, that in fact Mrs. Asch, one of the trustees, stated in an affidavit presented to the court that she had read the affidavit of the special guardian which set forth the contract in extenso, and that the proposed sale met with her approval. We are also of the opinion that this proceeding was not affected by the amendment of 1897, and that the procedure therein directed, and the provisions under which trustees may become authorized to sell interests in remainder as well as the trust estate, do not apply to this proceeding, which, at the time it was begun, was properly instituted under the law as it then stood.   The amendment of 1897 not only changes procedure, but it gives to the trustees power to sell estates in remainder, which they never had before that amendment was passed, and we think its scope should be confined to cases arising after its passage.

The order appealed from should be affirmed, with costs.   All concur, VAN BRUNT, P. J., in result.